ANTHONY L. ASCIUTTO AND ANNETTA ASCIUTTO, GAETANO BRUNI AND MARY E. BRUNI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Asciutto v. Commissioner
Docket No. 34229-86
United States Tax Court
T.C. Memo 1992-564; 1992 Tax Ct. Memo LEXIS 580; 64 T.C.M. (CCH) 877; September 23, 1992, Filed *580 On June 14, 1990, a decision was entered in accordance with stipulations agreed to by the parties. The decision became final on Sept. 12, 1990. Petitioners subsequently filed a Motion to Redetermine Interest on the Deficiency (T.C. Rule 261) and to Abate Interest and to Challenge Jurisdiction Over Partnership Items requesting: (1) A redetermination of interest on the deficiency in accordance with sec. 7481(c), I.R.C., (2) an abatement of interest on the deficiency in accordance with sec. 6404(e)(1), I.R.C., (3) a determination that the notices of deficiency were invalid, and (4) a determination that the period of limitations upon assessment had expired with respect to petitioners' distributive shares of certain partnership items. Held: The commencement of a proceeding to redetermine interest pursuant to sec. 7481(c) requires the advance payment of the entire amount redetermined as a deficiency by a decision of this Court, plus the entire amount claimed by the Secretary of the Treasury as interest on the redetermined deficiency. Held further, no conflict exists between the administrative procedures of sec. 6404(e)(1) allowing for the abatement of interest, and the *581 judicial procedures of sec. 7481(c) allowing for the redetermination of interest. For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: On May 20, 1986, respondent mailed notices of deficiency to Anthony L. and Annetta Asciutto (petitioners Asciutto) for the taxable year ending December 31, 1979, and to Gaetano and Mary E. Bruni (petitioners Bruni) for the taxable years ending December 31, 1979, and December 31, 1980. The notices of deficiency were timely mailed to petitioners Asciutto and petitioners Bruni in accordance with Forms 872-A, Special Consent to Extend the Time to Assess Tax, executed by petitioners Asciutto on August 21, 1982, and by petitioners Bruni on October 19, 1982, and October 3, 1983. On August 21, 1986, petitioners jointly filed a petition seeking a redetermination of the deficiencies set forth in the notices of deficiency. Petitioners Asciutto and petitioners Bruni resided in San Diego, California, at the time the petition herein was filed. On October 22, 1988, and on December 2, 1988, petitioners Asciutto and petitioners Bruni, respectively, executed Forms 906, Closing Agreement *582 on Final Determination Covering Specific Matters, determining their distributive shares of income, gain, loss, deductions, and credits from Camel Fuel & Investment Company. On February 8, 1990, counsel for petitioners executed a stipulation setting forth petitioners Asciutto's income tax liability for the taxable year 1979, and petitioners Bruni's income tax liability for the taxable years 1979 and 1980. On June 14, 1990, a decision was entered in accordance with the income tax deficiencies stipulated by the parties. The decision became final on September 12, 1990. On August 23, 1991, petitioners Asciutto executed a Form 843, Claim for Refund and Request for Abatement, requesting an abatement of interest in the amount of $ 17,434.24 The explanation offered for the requested abatement was respondent's asserted error and delay in performing ministerial acts relating to the resolution of this case. On September 16, 1991, petitioners timely filed a Motion to Redetermine Interest on the Deficiency (T.C. Rule 261) and to Abate Interest and to Challenge Jurisdiction Over Partnership Items (the Motion). On January 10, 1992, respondent filed a Notice of Objection to the Motion. As of *583 September 16, 1991, neither petitioners Asciutto nor petitioners Bruni had paid the entire amount of the deficiency plus interest claimed by respondent for the taxable year ending December 31, 1979; petitioners Bruni, however, had paid the entire amount of the deficiency plus interest claimed by respondent for the taxable year ending December 31, 1980. [1]
Pursuant to the Motion, petitioners request: (1) A redetermination of interest on the deficiency in accordance with section 7481(c), [2](2) an abatement of interest on the deficiency in accordance with section 6404(e)(1), [3](3) a determination that the notices of deficiency were invalid, and (4) a determination that the period of limitations upon assessment had expired with respect to petitioners' distributive shares of partnership items from Camel *584 Fuel & Investment Company. Respondent objects to each of these requests. Section 7481(c): Redetermination of Interest
Pursuant to section 7481(c), this Court may reopen a case in which the decision has become final solely to determine whether a taxpayer has made an overpayment of interest and, if so, the amount of such overpayment. See Stauffacher v. Commissioner, 97 T.C. 453, 456 (1991). A determination that the taxpayer has made *585 an overpayment of interest will be treated as a determination that the taxpayer has made an overpayment of tax in accordance with section 6512(b)(1). Pursuant to section 7481(c)(2), a proceeding to redetermine interest may be commenced only if the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary of the Treasury (the Secretary). [4]
As of September 16, 1991, neither petitioners Asciutto nor petitioners Bruni had paid the entire amount of the deficiency plus interest claimed by the Secretary for the taxable year ending December 31, 1979. Petitioners contend, however, that payment of the entire amount of the deficiency plus interest is not a prerequisite to a redetermination of interest. In support of their contention, petitioners assert that the reference in section 7481(c)(1) to section 6215 limits the amount of the deficiency plus interest which must be paid in advance to the amount redetermined *586 as a deficiency by the decision of the Tax Court. We disagree. A proceeding under section 7481(c) may be commenced only if an assessment includes both a deficiency as redetermined by a decision of this Court, and interest as imposed by the Internal Revenue Code. Sec. 7481(c). By definition, the term "deficiency" does not include interest. See sec. 6211(a). Furthermore, it is well settled that, in redetermining the correct amount of a deficiency, this Court generally lacks jurisdiction over issues involving interest. Standard Oil Co. v. McMahon, 244 F.2d 11, 13 (2d Cir. 1957); Commissioner v. Kilpatrick's Estate, 140 F.2d 887, 888-889 (6th Cir. 1944); 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 354 (1987); LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975). It was this Court's lack of jurisdiction over disputes relating to respondent's post-decision computation of interest which resulted in the enactment of section 7481(c). See note to Rule 261, 93 T.C. 821, 1040. To limit the amount of the deficiency plus interest *587 which must be paid in advance to the amount redetermined as a deficiency by the decision of the Tax Court would render meaningless the reference in section 7481(c)(1) to "interest as imposed by this title," and in section 7481(c)(2) to "interest claimed by the Secretary". We decline to eviscerate section 7481(c) in the manner advocated by petitioners, and hold that the commencement of a proceeding to redetermine interest pursuant to section 7481(c) requires the advance payment of the entire amount redetermined as a deficiency by a decision of this Court, plus the entire amount claimed by the Secretary as interest on the redetermined deficiency. In the alternative, petitioners Asciutto contend that payment of the entire amount of the deficiency plus interest will jeopardize their claim for abatement of interest filed pursuant to section 6404(e)(1).[5] Specifically, petitioners Asciutto assert that a request for abatement of interest requires an unpaid portion of the assessment; consequently, if they pay the entire amount of the deficiency plus interest in accordance with section 7481(c)(2), they will eliminate the unpaid portion of the assessment required by section 6404(e)(1). *588 Petitioners are mistaken in their reading of section 6404(e)(1). Both section 301.6404-2T(c), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987), and Form 843, Claim for Refund and Request for Abatement, indicate that interest may be abated, credited, or refunded in accordance with section 6404(e)(1). Therefore, an unpaid portion of the assessment is not a prerequisite for, nor a limitation upon, a taxpayer's relief under section 6404(e)(1). We hold that no conflict exists between the administrative procedures of section 6404(e)(1) allowing for the abatement of interest, and the judicial procedures of section 7481(c) allowing for the redetermination of interest. *589 As of September 16, 1991, petitioners Bruni had paid the entire amount of the deficiency plus interest claimed by the Secretary for the taxable year ending December 31, 1980. Petitioners Bruni contend that interest on the deficiency should be abated during the pendency of a criminal investigation and trial relating to the promoters of Camel Fuel & Investment Company. In effect, petitioners Bruni are attempting to accomplish judicially through section 7481(c) what they failed to accomplish administratively through section 6404(e)(1). Section 7481(c) authorizes this Court to reopen a case to determine whether a taxpayer has made an overpayment of interest as a consequence of an error by respondent. For this Court to consider a motion to redetermine interest on the deficiency, petitioners Bruni must assert that the amount of interest claimed by respondent exceeds the amount of interest imposed by the Internal Revenue Code. Petitioners Bruni's request for an abatement of interest does not constitute such an assertion; consequently, petitioners Bruni's motion for a redetermination of interest with respect to the taxable year ending December 31, 1980, will be denied. Section *590 6404(e)(1): Abatement of Interest
Pursuant to section 6404(e)(1), respondent may abate the assessment of interest on a deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act. Petitioners assert that an officer or employee of the Internal Revenue Service committed error or delay in performing ministerial acts relating to the resolution of this case, and request this Court to abate some or all of the resulting interest. This Court lacks authority under section 6404(e)(1) to review questions involving the abatement of interest. Selman v. United States, 941 F.2d 1060 (10th Cir. 1991); Horton Holmes, Inc. v. United States, 936 F.2d 548 (11th Cir. 1991); 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352 (1987). Additionally, this case has been reopened in accordance with section 7481(c), which authorizes this Court to determine whether there has been an overpayment of interest resulting from the Secretary's post-decision computation of interest. This Court's authority to redetermine interest pursuant to section *591 7481(c) does not include the authority to abate interest pursuant to section 6404(e)(1). Therefore, we lack jurisdiction over petitioners' request for abatement and decline to consider it accordingly. Validity of Notice of Deficiency
Independent of petitioners' request for a redetermination of interest filed pursuant to Rule 261, petitioners cite Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), as authority for the proposition that respondent's determinations of a deficiency were arbitrary, that the notice of deficiency was invalid, and that this Court lacked jurisdiction to enter a decision in this case. In Scar, the notice of deficiency disallowed a deduction from a partnership with which the taxpayers were not connected, and documents attached to the notice of deficiency indicated that the deficiency was determined without an examination of the taxpayers' return. The Court of Appeals, in concluding that this Court lacked jurisdiction, stated that "the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has 'determined' *592 a 'deficiency' in respect to that taxpayer." Id. at 1368 (fn. ref. omitted). In the case before us, a review of the notices of deficiency reveals that the adjustments relate primarily to petitioners' interests in Camel Fuel & Investment Company. In determining the amount of the deficiencies, respondent allowed credits and computed taxes in accordance with information contained in petitioners' individual income tax returns. Consequently, we conclude that the notices of deficiency were based on information relating to petitioners, and do not suffer from the infirmities deemed fatal in Scar v. Commissioner, supra.
Expiration of Period of Limitations Upon Assessment
Finally, petitioners contend that the period of limitations upon assessment applicable to their distributive shares of partnership items from Camel Fuel & Investment Company had expired prior to the issuance of the notices of deficiency. The contention that the period of limitations upon assessment had expired is an affirmative defense which must be specifically pleaded. Rule 39; Robinson v. Commissioner, 57 T.C. 735, 737 (1972). Petitioners' *593 failure to plead such affirmative defense in their petition or an amendment thereto constitutes a waiver of the defense. Rule 34(b)(4); see Shopsin v. Commissioner, T.C. Memo. 1984-151, affirmed without published opinion 751 F.2d 371 (2d Cir. 1984). Therefore, petitioners' contention regarding the expiration of the period of limitations upon assessment cannot be properly raised in a proceeding to redetermine interest filed pursuant to Rule 261. Furthermore, we note that petitioners' contention is substantively without merit. In Stahl v. Commissioner, 96 T.C. 798 (1991), this Court held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. See also Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Durovic v. Commissioner, 487 F.2d 36 (7th Cir. 1973), affg. on this issue 54 T.C. 1364 (1970). In accordance *594 with the holdings set forth above, petitioners' motion will be denied. An appropriate order will be entered. Footnotes
1. On Feb. 3, 1992, and on June 24, 1992, petitioners Bruni and petitioners Asciutto, respectively, paid the balance due on the deficiency plus interest claimed by respondent for the taxable year ending Dec. 31, 1979.↩
2. Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 for the years in issue. ↩
3. Petitioners' request for an abatement is premised upon respondent's asserted error and delay in performing ministerial acts; it is sec. 6404(e)(1) -- and not sec. 6404(e)(2) -- which authorizes the abatement of interest as a consequence of ministerial acts. Thus, petitioners' general references to sec. 6404(e) will be deemed to refer to sec. 6404(e)(1)↩.
4. Rule 261 sets forth the procedures for initiating a proceeding under sec. 7481(c)↩.
5. Petitioners Asciutto assert the possible applicability of sec. 6404(a) and sec. 6404(d) to their claim for abatement. Sec. 6404(a) is inapplicable by virtue of sec. 6404(b), which prohibits the filing of a claim for abatement with respect to income taxes. Sec. 6404(d) applies to returns prepared by an officer or employee of the Internal Revenue Service acting in his official capacity to provide assistance to taxpayers in the preparation of income tax returns. Petitioners Asciutto's 1979 income tax return was not prepared by an officer or employee of the Internal Revenue Service. Consequently, neither sec. 6404(a) nor sec. 6404(d)↩ is relevant to petitioners Asciutto's claim for abatement.