14 F.3d 593
 73 A.F.T.R.2d 94-628
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas S. AMLIE; Estate of June T. Amlie, Deceased;
Richard R. Epple, Jr., Personal Representative,
Petitioners-Appellants,
v.
COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-1120.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1993.
Argued Sept. 30, 1993.
Dec. 22, 1993.
 
 Appeal from the United States Tax Court.
 Declan Joseph O'Donnell, Declan Joseph O'Donnell, P.C., for appellants.
 Kevin Martin Brown, Tax Division, United States Department of Justice, for Appellee.
 Michael L. Paup, Acting Assistant Attorney General, Gary R. Allen, David I. Pincus, Tax Division, United States Department of Justice, for appellee.
 U.S.T.C.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Thomas S. Amlie and the Estate of June T. Amlie, his wife, taxpayers herein, underpaid income taxes for taxable years 1978 and 1979 in the amounts of $9,508 and $12,395, respectively, improperly relying on a tax shelter from investments in coal projects. They stipulated with the IRS to an order entered in the tax court on January 10, 1992, determining the amount of the deficiencies, and they thereafter paid the principal sums stated in the order. However, they refused to pay statutory interest which had accrued. Instead, several months after the tax court's order became final, they filed a motion in the tax court to re-determine interest, requesting an abatement of interest under 26 U.S.C. Secs. 6404(a) and (e). They contend that the abatement should be allowed because the IRS "made an administrative error to defer Civil Cases until the completion of the Criminal Case" pursued against the promoters of the tax shelter.
 
 
 2
 The IRS filed an objection to the proceedings in the tax court because, among other things, the taxpayers failed to satisfy the jurisdictional requirements of 26 U.S.C. Sec. 7481(c). Agreeing with the IRS's position, the tax court issued an order on October 14, 1992, denying taxpayers' motion to re-determine interest. This appeal followed.
 
 
 3
 Section 7481(c) of the Internal Revenue Code provides in part as follows:
 
 
 4
 (c) Jurisdiction over interest determinations.--Notwithstanding subsection (a), if--
 
 
 5
 (1) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,
 
 
 6
 (2) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and
 
 
 7
 (3) within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a determination that the amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title, then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest and the amount of any such overpayment.
 
 
 8
 The section thus limits the tax court's authority to reopen its order only if the taxpayer has "paid the entire amount of the deficiency plus interest " and only "to determine whether the taxpayer has made an overpayment of such interest" (emphasis added). In this case, the taxpayers have not prepaid the interest amounts assessed, and they do not seek a determination that they overpaid interest. The taxpayers have not satisfied the tax court's jurisdiction to reopen the consent judgment, and we affirm the tax court's decision that it has no jurisdiction to consider the taxpayer's motion to re-determine interest in the circumstances of this case.
 
 
 9
 The taxpayers argue that if they had prepaid the interest, they would be giving up rights claimed under 26 U.S.C.Sec. 6404(a), which authorizes an abatement only as to the "unpaid portion of the assessment." They argue that if they paid the interest assessment, then no part of it would remain "unpaid" to satisfy the requirements of Sec. 6404(a). We find the argument to be without merit because Sec. 6404(a) does not apply to the taxpayers' circumstances. Section 6404(b) states that Sec. 6404(a) does not apply to any assessment of income taxes. See Asciutto v. Commissioner, T.C. Memo 1992-564 at 7 n. 5. Moreover, Sec. 6404(e)(2), on which taxpayers also rely, is not limited to unpaid portions of an assessment, but to the contrary allows relief either by "abatement," "credit," or "refund " of interest (emphasis added). Thus, there is no tension between the requirements of that section and Sec. 7481(c) which requires prepayment of interest before the taxpayer can assert jurisdiction.*
 
 AFFIRMED
 
 
 *
 We note that the Fifth Circuit, which disposed of the same arguments made by different taxpayers involved in the same tax shelter as here, has likewise ruled in an unpublished per curiam opinion that the tax court properly rejected these arguments. See Frantz v. Commissioner, Nos. 93-4088 and 93-4215 (5th Cir. Aug. 27, 1993)