Alphonso BAX and Alice Corrine Bax, Deceased, and Alphonso L. Bax, Administrator, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 812, Docket 93–4084.

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1993.

Decided Dec. 27, 1993.

Declan J. O'Donnell, Englewood, CO, for appellants.

Kevin M. Brown, Tax Div., Dept. of Justice, Washington, DC (Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen, and David I. Pincus, Tax Div., Dept. of Justice, for appellee.

Before: MESKILL, KEARSE and JACOBS, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from an order of the United States Tax Court, Whitaker, J., denying taxpayers' motion to redetermine interest on deficiency of income tax pursuant to 26 U.S.C. § 7481(c) following that court's entry of final judgment in the matter. We affirm for substantially the same reasons set forth in the tax court's order. We take this opportunity, however, to state briefly our view on the scope of the tax court's authority to consider issues of interest determination in a proceeding under section 7481(c).

## BACKGROUND

On June 6, 1985, Alphonso Bax and his now deceased wife, Alice Bax (collectively "Taxpayers"), received a statutory notice from the Commissioner of the Internal Revenue Service (Commissioner) of deficiencies in income tax for the tax years 1978 and 1979. On September 16, 1985, the Taxpayers filed a petition in the United States Tax Court contesting the Commissioner's determinations of deficiencies. The case was set for trial on May 4, 1987. Absent objection from the Taxpayers, however, the tax court granted the Commissioner's motion to continue the matter indefinitely pending the resumption of discovery proceedings in related cases.

The parties entered into settlement negotiations thereafter in which the Commissioner tendered a settlement offer that remained outstanding for several years. Two days prior to the expiration of the offer, the Taxpayers accepted the Commissioner's offer and the tax court entered a stipulated decision on

November 15, 1991 (Stipulation). Under the Stipulation the parties agreed that (1) deficiencies were due in the amounts of $8,685 for the 1978 tax year and $8,365 for the 1979 tax year, (2) no additions to the tax were due, (3) the Taxpayers were not entitled to costs, and (4) "effective upon the entry of this decision by the Court, [Taxpayers] waive the restrictions contained in [Internal Revenue Code] § 6213(a) prohibiting assessment and collection of the deficiencies (*plus statutory interest*) until the decision of the Tax Court becomes final." (emphasis added). On February 13, 1992, 90 days after it was entered by the tax court, the Stipulation became final as a matter of law.

On March 26, 1992, the Taxpayers paid the amounts due on the deficiencies. The Taxpayers, however, did not pay the interest on those deficiencies, which totaled $25,359.05 and $22,813.38, respectively. On September 16, 1992, the Taxpayers filed a motion to redetermine interest on the deficiency pursuant to 26 U.S.C. § 7481(c) and Tax Court Rule 261. Specifically, the Taxpayers sought "a re-determination of the liability set forth by the Commissioner ... in the ... Assessment of Tax Liability ... and ... [a]batement of [i]nterest because of delays and errors of the [Commissioner] due to ministerial acts, under 26 U.S.C. § 6404(e) and ... abatement of interest for illegality under 26 U.S.C. § 6404(a)(3)[.]" The Taxpayers, moreover, noted in their motion that they had "not paid the interest claimed by the Commissioner in respect of which this proceeding under Rule 261 has been commenced" and "object to prepayment of interest but would do so if this Court determines same is necessary to abatement herein."

On March 22, 1993, the tax court entered an order denying the motion on the ground that it lacked jurisdiction to hear a claim for redetermination of interest pursuant to section 7481(c) where the taxpayer fails to pay the interest in issue prior to filing for rede-

termination. In addition, the tax court held that the Taxpayers failed to state a claim for relief under section 7481(c) and that the tax court had no authority to rule on issues involving abatement of interest pursuant to section 6404(e). This appeal followed.[1]

## DISCUSSION

The tax court is a tribunal of limited jurisdiction. 26 U.S.C. § 7442; *see also Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 420–22, 64 S.Ct. 184, 185–86, 88 L.Ed. 139 (1943). Generally, the tax court "has no jurisdiction of questions which relate solely to the assessment of interest." *Standard Oil Co. v. McMahon*, 244 F.2d 11, 13 (2d Cir.1957); *accord Transport Mfg. & Equip. Co. v. Commissioner*, 434 F.2d 373, 381 (8th Cir.1970); *Britton v. United States*, 532 F.Supp. 275, 277 (D.Vt.1981), *aff'd*, 697 F.2d 288 (2d Cir.1982). The restriction on interest determinations, moreover, has been extended to interest abatement issues raised under section 6404(e). *See, e.g., 508 Clinton Street Corp. v. Commissioner*, 89 T.C. 352, 353–54, 1987 WL 43893 (1987).

In 1988, however, Congress modified this general limitation by conferring jurisdiction on the tax court over interest determinations in limited cases under 26 U.S.C. § 7481(c). Section 7481(c) states, in pertinent part:

if—

(1) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,

(2) the taxpayer has paid the entire amount of the deficiency *plus interest* claimed by the Secretary, and

(3) within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a determination that the amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title,

---

1. We note that this appeal arises out of a series of related cases in which orders have been issued by the tax court denying other taxpayers' claims for redetermination of interest under section 7481(c). Because those orders relate to taxpayers who reside outside the jurisdiction of this Court, the venues for their appeals lie in other circuits. Appeals involving identical issues are currently pending in the Fourth, Seventh, Ninth and Tenth Circuits. On August 27, 1993, moreover, the Fifth Circuit summarily affirmed the tax court's order denying a motion to reopen pursuant to section 7481(c). *Frantz v. Commissioner*, 4 F.3d 990 (5th Cir.1993).

then the Tax Court may reopen the case solely to determine whether the taxpayer has made an *overpayment* of such interest and the amount of any such *overpayment.* (emphasis added). The language is plain and clear: the tax court may make a redetermination of interest in cases where the taxpayer prepays *both* the entire amount of the deficiency and the *interest* claimed by the government on that deficiency. We agree with the tax court, therefore, that to construe the statute as requiring prepayment of the deficiency only without also requiring the prepayment of the interest on that deficiency would "eviscerate" the plain intent of the statute and render its repeated references to "interest" meaningless. *See Asciutto v. Commissioner,* T.C. Memo 1992–564, 1992 WL 233016, 1992 Tax Ct. Memo LEXIS 580, at *6–*8 (1992).

Notwithstanding the statute's plain language, however, the Taxpayers urge us to eliminate the prepayment of interest requirement for redetermination under section 7481(c). First, insisting that the Stipulation in this case was silent on the issue of interest, the Taxpayers argue that their prepayment of the entire amount of the deficiency without interest satisfies the spirit of the statute's prepayment requirement. Second, and more importantly, the Taxpayers contend that to require the additional prepayment of interest as a jurisdictional prerequisite to tax court adjudication under section 7481(c) effectively vitiates a taxpayer's substantive claim for abatement in cases, such as this, where the motion for interest redetermination is based on the substantive claim of abatement of interest for illegality and ministerial delay under section 6404. The Taxpayers assert that section 6404 provides relief only for the *"unpaid portion* of the assessment of any tax or any liability." To avoid any conflict with the substantive right of a taxpayer to obtain abatement relief only for *unpaid* tax liabilities, therefore, the Taxpayers urge us to interpret section 7481(c) as

conferring jurisdiction on the tax court to consider a claim of interest abatement on a motion for redetermination of interest without requiring prepayment of interest by the taxpayer. We decline.

■ As a preliminary matter, we do not share the Taxpayers' reading of the Stipulation as not including payment of interest. Indeed, the Stipulation provides: "It is further stipulated that, effective upon the entry of this decision by the Court, [Taxpayers] waive the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies (*plus statutory interest*) until the decision of the Tax Court becomes final." (emphasis added). Clearly, this language contemplated the assessment and collection of the deficiencies "plus interest." Accordingly, we reject the Taxpayers' underlying contention that the Stipulation did not govern interest on the deficiencies owed.[2]

■ Second, the Taxpayers' argument that prepayment destroys their substantive claim under section 6404 is based on the faulty legal premise that a claim for abatement of interest under section 6404(e) can only be made for any *unpaid* portion of the interest. This view is unsupported by the relevant law. Indeed, the tax court expressly holds to the contrary: "an unpaid portion of the assessment is *not* a prerequisite for, nor a limitation upon, a taxpayer's relief under section 6404(e)(1)." *Asciutto,* 1992 WL 233016, 1992 Tax Ct. Memo LEXIS 580, at *9 (emphasis added) (citing Section 301.6404–2T(c), Temporary Proceed. & Admin.Regs., 52 Fed.Reg. 30163 (Aug. 13, 1987); Form 843, Claim for Refund and Request for Abatement (interest may be abated, credited, *or* refunded in accordance with section 6404(e)(1))). Because a taxpayer who prepays the entire amount of the deficiency and interest assessed can recover the interest by credit or refund under section 6404(e)(1), we fail to see how a taxpayer's right to recover interest under section 6404(e)(1) is in any way eclipsed by section 7481(c)'s limitation

**2.** In light of the clarity of the Stipulation and the lengthy history of the settlement negotiations, we find it difficult to understand the Taxpayers' attempt to contest at this late date that interest under an abatement theory pursuant to section 6404. Rather, it would seem that if the Taxpayers were concerned over the impact of litigation delays on the amount of interest on the deficiencies, the appropriate time to raise that issue was during the settlement negotiations or, at the very least, prior to the signing of a stipulation requiring payment of the entire amount of the deficiencies "plus statutory interest."

on tax court jurisdiction to cases where the taxpayer prepays the entire amount of the deficiency, as well as statutory interest on that deficiency.

 Third, we agree with the tax court that even if it had jurisdiction in this case to redetermine interest under section 7481(c), the Taxpayers' claim here is beyond the scope of the determination contemplated by that provision. Section 7481(c) provides that the tax court may determine whether "the amount of interest claimed by the Secretary exceeds the amount of interest imposed by [the Internal Revenue Code]." Here, Taxpayers do not dispute that the interest amount was correctly calculated nor do they claim that the amount exceeds that amount of interest allowed by the tax code. Rather, they seek an abatement of the interest under section 6404(e)(1) because of alleged delays by the Commissioner in assessing the tax. We can find no support for the Taxpayers' claim that an increase in the interest on a tax deficiency, an increase allegedly caused by ministerial delays and remedied by abatement pursuant to section 6404(e), constitutes the type of "overpayment" of interest that Congress authorized the tax court to remedy under section 7481(c). *See Stauffacher v. Commissioner,* 97 T.C. 453, 456, 1991 WL 220395 (1991) (jurisdiction under section 7481(c) is solely to determine correct amount of interest imposed by the law).

Conversely, we note substantial authority for the view that interest abatement under section 6404(e)(1) is a discretionary form of relief within the sole authority of the Commissioner and is thereby beyond the scope of judicial review. *See Selman v. United States,* 941 F.2d 1060, 1064 (10th Cir.1991) ("language, structure and legislative history of I.R.C. § 6404(e)(1) indicate that Congress meant to commit the abatement of interest to the Secretary's discretion" and thus, to preclude judicial review); *accord Horton Homes, Inc. v. United States,* 936 F.2d 548, 551–52 (11th Cir.1991); *McDonnell v. Commissioner,* 71 A.F.T.R.2d (P–H) 1583, 1992 WL 477014 (N.D.Cal.1992); *Brahms v. United States,* 18 Cl.Ct. 471, 475 (1989). We agree with the tax court, therefore, that section 7481(c) does not appear to recognize a claim for interest redetermination based on abatement of interest for ministerial delay pursuant to section 6404(e)(1).

Finally, to the extent that the Taxpayers argue that their interest abatement claim is a matter of legal right because it is predicated on allegations of illegality under section 6404(a)(3) rather than on allegations of ministerial delay under section 6404(e)(1), such claims are prohibited in income tax assessment cases. Section 6404(b), which governs the type of tax cases in which abatement for illegality may be granted, states: "No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under subtitle A or B [income, estate or gift taxes]." *See also Asciutto,* 1992 WL 233016, 1992 Tax Ct. Memo LEXIS 580, at *8 n. 5. Accordingly, that statute expressly bars abatement claims predicated on the illegality of income tax assessments.

## CONCLUSION

For the reasons stated, we affirm the order of the tax court denying Taxpayers' motion to reopen for redetermination of interest pursuant to 26 U.S.C. § 7481(c).