**William T. McMULLEN, Patricia M. McMullen, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 93–5131
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 29, 1994.

Declan J. O'Donnell, Declan Joseph O'Donnell, P.C., Englewood, CO, for petitioners.

Gary R. Allen, Chief, Kevin M. Brown, David I. Pincus, Appellate Section, Tax Div., Dept. of Justice, Washington, DC, for respondent.

Before TJOFLAT, Chief Judge,
KRAVITCH and DUBINA, Circuit Judges.

PER CURIAM:

Taxpayers William and Patricia McMullen appeal from a decision of the United States Tax Court denying their motion for redetermination of interest. We affirm.

The taxpayers and the Commissioner stipulated to a Tax Court decision holding that the taxpayers owed deficiencies for tax years 1977 through 1980. The taxpayers subsequently moved for a redetermination of interest on the deficiencies pursuant to 26 U.S.C. § 7481(c) and Tax Court Rule 261. They claimed that an abatement of interest was due under 26 U.S.C. § 6404 because of delays, errors, and illegalities in the government's prosecution of the case. The Tax Court concluded that it lacked jurisdiction to consider the motion as, among other things, the taxpayers failed to prepay the interest in dispute.

Several courts of appeals have considered cases materially identical to this case. In *Bax v. Commissioner*, 13 F.3d 54 (2d Cir. 1993), the Second Circuit held that prepayment of interest claimed by the government is a jurisdictional prerequisite to a motion for redetermination of interest; that the Tax

Court is not authorized to review a claim for abatement of interest; and that the Commissioner's discretionary decision not to abate interest pursuant to § 6404(e) is not subject to judicial review. 13 F.3d at 57–58 (citing, *inter alia, Horton Homes, Inc. v. United States,* 936 F.2d 548, 551–52 (11th Cir.1991)). At least two circuits have affirmed the denial of a motion for redetermination of interest based on the reasoning in *Bax. Asciutto v. Commissioner,* 26 F.3d 108 (9th Cir.1994); *Littfin v. Commissioner,* 17 F.3d 1345 (10th Cir.1994). Other circuits have held likewise in unpublished opinions. *See, e.g., Amlie v. Commissioner,* No. 93–1120, 1993 WL 533249, 1993 U.S. App. LEXIS 33443 (4th Cir. Dec. 22, 1993); *Frantz v. Commissioner,* 4 F.3d 990 (5th Cir.1993) (table). We agree with our sister circuits.

For the reasons stated in *Bax,* the judgment of the Tax Court is AFFIRMED.