T.C. Memo. 1995-479

UNITED STATES TAX COURT

EDWARD LEE RENFROW, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13734-94.                    Filed October 4, 1995.

Edward Lee Renfrow, pro se.

James Gehres, for respondent.

MEMORANDUM OPINION

DINAN, Special Trial Judge:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

[1]   All section references are to the Internal Revenue Code
in effect for the taxable year in issue.  All Rule references are
                                        (continued...)

Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $308.

After concessions by petitioner,[2] the issue for decision is whether petitioner must pay interest on the $308 deficiency.

No facts were stipulated. Petitioner resided in Colorado Springs, Colorado, on the date the petition was filed in this case.

On his 1990 Federal income tax return petitioner claimed a deduction for State and local income taxes paid in the amount of $1,584. The State and local tax deduction claimed by petitioner was taken from a Form W-2, Wage and Tax Statement, which withheld California State taxes.[3]

In 1991, petitioner received a State income tax refund for 1990 in the amount of $1,078.[4] Petitioner failed to report the State income tax refund on his 1991 Federal income tax return.

---

[1](...continued)
to the Tax Court Rules of Practice and Procedure.

[2]    At trial petitioner agreed to the deficiency but not the interest.

[3]    It is not clear from the record why California State taxes were withheld. On petitioner's 1990 Federal income tax return petitioner filed as a resident of Tucson, Arizona.

[4]    The refund received by petitioner was in the amount of $1,178, which included a $100 renter's credit from the State of California.

At trial, petitioner agreed to pay the deficiency in tax. However, petitioner refuses to pay the statutory interest accrued on the deficiency. Petitioner suggests that he is not responsible for the interest due to respondent's delay in notifying him of the deficiency. Petitioner does not cite any authority for his position.

Section 6601 provides for the accrual of interest on any underpayment of tax from the date the tax becomes due, until the date the tax is paid. Section 6404(e)(1) provides:

> (e) Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service.--
>
> (1) In general.-- In the case of any assessment of interest on--
>
> (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or
>
> (B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act,
>
> the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment. [Emphasis added.]

This Court's jurisdiction does not extend to statutory interest imposed under section 6601.  Thomas v. Commissioner, T.C. Memo. 1994-291.  There is ample authority in support of the position that interest abatement under section 6404(e)(1) is a discretionary form of relief within the sole province of respondent and beyond the scope of judicial review.  Bax v. Commissioner, 13 F.3d 54, 58 (2d Cir. 1993), affg. an Order of this Court; see also Asciutto v. Commissioner, 26 F.3d 108 (9th Cir. 1994), affg. T.C. Memo 1992-564; Thomas v. Commissioner, supra.  Accordingly, we are without jurisdiction to abate statutory interest.  508 Clinton St. Corp. v. Commissioner, 89 T.C. 352, 353 (1987); Boyer v. Commissioner, T.C. Memo 1994-267.

To reflect the foregoing,

Decision will be entered for respondent.