T.C. Memo. 1999-199

UNITED STATES TAX COURT

DON LAVERNE CLARKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 151-97.                    Filed June 18, 1999.

Don Laverne Clarke, pro se.

<u>Anthony Hoefer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to
(continued...)

Respondent determined a deficiency in petitioner's Federal income tax for the year 1993 in the amount of $1,005.

After concessions by petitioner,[2] the issue for decision is whether petitioner is entitled to an IRA deduction in excess of the amount determined by respondent.  We hold that he is not.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Omaha, Nebraska, at the time that his petition was filed with the Court.

For the year in issue, petitioner and his wife filed a joint Federal income tax return reporting wage income, which was earned by petitioner's wife, in the amount of $4,235, interest income in the amount of $34, dividend income in the amount of $4,640, capital gain in the amount of $353, taxable IRA distributions in the amount of $2,900, and taxable pensions and annuities in the amount of $10,645.  On a Schedule C, petitioner reported gross income (in the form of commissions) in the amount of $271 and

_____

(...continued)
the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner conceded the following adjustments: (1) Interest income in the amount of $24, (2) dividend income in the amount of $2, and (3) capital gain in the amount of $4,950. Petitioner remitted $750 to respondent toward the deficiency arising out of the aforementioned adjustments.

claimed a net loss in the amount of $1,378. Petitioner and his wife each claimed an IRA deduction in the amount of $2,000.

In the notice of deficiency respondent allowed the IRA deduction claimed by petitioner's wife but determined that petitioner's IRA deduction for 1993 was allowable only to the extent of $271.

## OPINION

In general, a taxpayer is entitled to deduct the amount contributed to an IRA. See sec. 219(a); sec. 1.219-1(a), Income Tax Regs.[3] The amount allowable as a deduction to the taxpayer in any taxable year may not, however, exceed the lesser of $2,000 or an amount equal to the "compensation" includable in the taxpayer's gross income for such taxable year. See sec. 219(b)(1).

The term "compensation" is defined in section 219(f)(1). As pertinent here, section 219(f)(1) provides that the term "'compensation' includes earned income (as defined in section 401(c)(2))." Section 401(c)(2) provides in pertinent part that "the term 'earned income' means the net earnings from self-employment (as defined in section 1402(a))." Finally, section

---

[3] Petitioner questioned whether sec. 1.219-1, Income Tax Regs., was in effect in 1993, the year in issue. Sec. 1.219-1, Income Tax Regs., was promulgated by T.D. 7714, 1980-2 C.B. 83, effective for taxable years beginning after Dec. 31, 1978. Sec. 1.219-1, Income Tax Regs., was therefore in effect in 1993.

1402(a) provides that the term "net earning from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual less any allowable deductions.

Section 1.219-1(c)(1), Income Tax Regs., defines compensation as wages, salaries, professional fees, or other amounts derived from personal services actually rendered but does not include amounts, such as interest and dividends, derived from or received as earnings or profits from property. See Miller v. Commissioner, 77 T.C. 97 (1981).

Petitioner contends that he received $7,893 of "compensation" during 1993 consisting of an IRA distribution in the amount of $2,900, dividend income in the amount of $4,640, and capital gain in the amount of $353. In this regard, he contends that Congress did not intend to exclude dividend income, capital gain, and IRA distributions from the definition of "compensation" for purposes of section 219(a). Petitioner asserts that by using the term "includes" in the definition of "compensation" under section 219(f), Congress did not mean to exclude other unlisted sources of income, such as dividends or capital gain. He makes a similar contention with respect to the use of the term "means" in section 401(c)(2).

Petitioner's contentions were considered in Miller v. Commissioner, supra. In that case, the taxpayer claimed

entitlement to an IRA deduction on the ground that income from his investment activity constituted "compensation" within the meaning of section 219.  This Court held that capital gain, dividends, and interest income did not constitute "compensation" within the meaning of section 219.  On the issue of statutory interpretation of the term "compensation", we stated:

> Finally, petitioner contends that when Congress used the word "includes" in sections 219(c)(1) and 401(c)(2)(C), it intended a broad interpretation of the statutes rather than a restrictive one.  Apparently he is contending either that earned income is but one example of the many types of compensation covered by section 219(c)(1) or that the profits from his investments constitute "compensation" within the meaning of section 219 exclusive of section 219(c)(1).  However, section 219(c)(1) was designed to include in the term "compensation" income earned by the self-employed individual, which, except for that provision, would be excluded from the definition of "compensation" under section 219.  See H. Rept. 93-779, 1974-3 C.B. 244, 369.  Thus, if the requirements of section 219(c)(1), which are in actuality the requirements of section 401(c)(2), are not satisfied, self-employment income will not be included in the term compensation.  Similarly, section 401(c)(2)(C) was designed to include in the term "earned income" earnings generated by property created by the taxpayer, e.g., the author or the inventor, which otherwise, depending upon the technical form of the transaction through which the income is earned, might have been excluded from that term.  See S. Rept. 1707, 89th Cong., 2d Sess. (1966), 1966-2 C.B. 1059, 1103. [Fn. refs. omitted.]

Miller v. Commissioner, supra at 103-104.

Petitioner contends that Miller v. Commissioner, supra, is not applicable because the year in issue in that case, 1977, was different from the year in issue in his case.  However, the

statutory definition of "compensation" has not changed in any pertinent manner since 1977. Because <u>Miller v. Commissioner</u>, <u>supra</u>, interprets substantially identical statutory language, it lends precedential support to preclude entitlement to an IRA deduction based on investment income. Petitioner's compensation for the year in issue therefore does not include his capital gain and dividend income.

Similarly, the IRA distribution received by petitioner is not includable in his compensation. IRA distributions are not compensation as they do not constitute wages, salaries, professional fees, or other amounts derived from personal services actually rendered. Cf. <u>Miller v. Commissioner</u>, <u>supra</u>; sec. 1.219-1(c)(1), Income Tax Regs. Rather, they include amounts derived from earnings from property. Cf. sec. 1.219-1(c)(1), Income Tax Regs. In essence, IRA distributions are nothing more than the distribution of principal plus dividends, capital gain, or other investment income earned on a tax deferred basis. See secs. 408(a), 72(a).

Further, by statute, the term "compensation" does not include any amount received as "a pension or annuity" or as "deferred compensation". See sec. 219(f)(1). An IRA provides opportunity for private pension coverage in the form of a trust created for the exclusive benefit of an individual or his beneficiaries. See sec. 408(a). To ensure that IRA proceeds are

used for retirement purposes, a 10 percent penalty is generally imposed on IRA distributions made before the taxpayer reaches age 59-1/2. See sec. 72(t). In that regard, an IRA distribution fits within the category of "a pension or annuity" or "deferred compensation".[4] Petitioner's compensation for the year in issue therefore does not include the IRA distribution.

In light of the foregoing, petitioner is not entitled to an IRA deduction in an amount exceeding $271.[5]

We now turn to some of petitioner's various other concerns.

Petitioner has asked us to consider whether respondent properly determined the amount of interest imposed under section 6601. We are unable to address this issue. This Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent expressly authorized by statute. See Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction

---

[4] Based on the record, it is not clear whether the IRA distribution petitioner received was an annuity. To constitute an annuity, payments must be received in the form of periodic installments at regular intervals. See sec. 1.72-2(b)(2), Income Tax Regs. Regardless, even if the IRA distribution did not constitute an annuity, it would be considered a pension or deferred compensation benefit.

[5] We observe that respondent determined that petitioner was entitled to an IRA deduction to the extent of his Schedule C gross income as opposed to his Schedule C "net earnings". See secs. 219(a), 401(c)(2), 1402(a). We therefore simply sustain respondent's determination as respondent did not assert an increased deficiency in this regard. See sec. 6214(a).

to redetermine a deficiency in tax generally does not extend to statutory interest imposed under section 6601. See Bax v. Commissioner, 13 F.3d 54, 56-57 (2d Cir. 1993), affg. an Order of this Court; LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975); see also Asciutto v. Commissioner, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994). Indeed, section 6601(e)(1) provides that interest prescribed by section 6601 is treated as a tax "except [for purposes of] subchapter B of chapter 63, relating to deficiency procedures". Because the effect of the parenthetical language of section 6601(e)(1) is to exclude interest from the definition of a "tax" for purposes of section 6211(a), it follows that such interest is not a deficiency. See White v. Commissioner, 95 T.C. 209, 213 (1990). We are therefore precluded in the context of a deficiency action from deciding whether respondent properly determined the amount of interest imposed under section 6601. But see sec. 7481(c) and Rule 261 regarding supplemental proceedings to redetermine interest on deficiencies on taxes; cf. sec. 6404(i) and Rules 280-284 regarding actions for review of failure to abate interest.

Petitioner also contends that respondent erred in failing to reduce the "deficiency" by the $750 remitted by petitioner. We disagree.

The term "deficiency" is a technical term which is defined by the Internal Revenue Code. See section 6211(a). As relevant

herein, a deficiency is the amount of income tax imposed by the Internal Revenue Code that exceeds the amount shown as the tax by the taxpayer on his return (if a return was filed).  Thus, payments made by a taxpayer, such as the $750 payment, do not serve to reduce the "deficiency" within the meaning of section 6211(a).  Cf. sec. 6211(b)(1).  Parenthetically, we take note of the fact that respondent has acknowledged petitioner's $750 payment, and that such amount will serve to reduce pro tanto the amount of petitioner's ultimate out-of-pocket liability.

Finally, petitioner has raised other arguments that we have considered in reaching our decision.  To the extent that we have not discussed these arguments, we find them to be without merit.

To reflect our disposition of the disputed issue, as well as petitioner's concessions,

<u>Decision will be entered</u>

<u>for respondent</u>.