T.C. Memo. 2008-163

UNITED STATES TAX COURT

DAWN ERICA GARRITY, Petitioner,
AND WILLIAM J. GARRITY, Intervenor
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16379-03.                    Filed June 30, 2008.

Dawn Erica Garrity, pro se.

William J. Garrity, pro se.

<u>Luanne S. Di Mauro</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  On October 31, 2005, the Court entered a
decision in this case pursuant to the parties' stipulation.  On
November 1, 2006, after the decision had become final,
petitioner and intervenor filed a motion under section 7481(c)

and Rule 261 to redetermine interest.[1]  As discussed below, we hold that petitioner and intervenor have failed to satisfy the jurisdictional prerequisites under section 7481(c).

## Background

Petitioner and her husband William Joseph Garrity filed joint Federal income tax returns for 1990, 1991, and 1992.[2]  On June 23, 2003, respondent issued two separate but identical notices of deficiency to petitioner and Mr. Garrity, determining income tax deficiencies of $111,947, $100,289, and $48,848 for 1990, 1991, and 1992, respectively, and imposing the section 6663(a) fraud penalty with respect to each year.  Petitioner and Mr. Garrity separately petitioned this Court; Mr. Garrity's case was assigned docket No. 16115-03.  Mr. Garrity (sometimes referred to herein as intervenor) also filed a notice of intervention in the instant case.  The parties reached settlements in both cases.  Pursuant to the parties' agreements, on October 31, 2005, this Court entered decisions in the instant case and in docket No. 16115-03.  Pursuant to the decision in the instant case, petitioner has no deficiency for 1990 or 1991 but has a $48,848 deficiency for 1992; she is not liable for any

_____

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1986, as amended.

[2] The 1992 return was untimely filed in 1995 and showed a tax liability of $44,405.

fraud penalty; and for 1992 she is not entitled to relief from joint and several liability pursuant to section 6015. The decision document reflects the parties' agreement as follows:

It is hereby stipulated that the Court may enter the foregoing decision in this case.

It is further stipulated that there is an advance payment for the taxable year 1992 in the amount of $50,000.00 It is stipulated that the deficiency for the taxable year 1992 has been computed without considering the advance payment in the amount of $50,000.00.

It is further stipulated that interest will be assessed as provided by law on the deficiency due from petitioner.

It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. §6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final.

It is further stipulated that the aforesaid deficiency, plus interest as provided by law, is a duplication of the deficiency set forth in the case of William Joseph Garrity v. Commissioner, Docket No. 16115-03, in which case a decision document is concurrently being filed with the United States Tax Court.

It is further stipulated that the payment of the entire amount of the deficiency in the amount of $48,848.00, plus interest as provided by law, by the other party jointly liable therefore,[sic] will discharge the instant petitioner from liability.

Pursuant to the decision at docket No. 16115-03, Mr. Garrity has deficiencies of $97,953, $100,289, and $48,848 for 1990, 1991, and 1992, respectively; and he is liable for the section 6663(a) fraud penalty for 1991 and 1992 in the amounts of

$75,216.75 and $36,636, respectively. The decision document reflects the parties' agreement, which is substantially identical to the agreement reflected in the decision document in the instant case, except that it does not include the final two paragraphs quoted supra.

On January 4, 2006, respondent assessed petitioner's and Mr. Garrity's $48,848 deficiency in their 1992 joint account and assessed $54,004.38 of interest due on the deficiency. Consistent with the parties' agreement as reflected in the decision documents, respondent credited petitioner's and Mr. Garrity's 1992 joint account with a $50,000 advance payment as of April 10, 2000. In addition, on February 21, 2006, respondent credited petitioner's and Mr. Garrity's 1992 joint account with a $915 subsequent payment.

On February 4, 2006, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the unpaid portion of the 1992 joint liability. Respondent also instituted collection proceedings against Mr. Garrity for taxable years 1990 through 2000, inclusive, as well as 2002. Petitioner and Mr. Garrity separately requested hearings before respondent's Appeals Office pursuant to section 6330. Petitioner's collection case was not resolved in Appeals.[3]

---

[3] The Appeals Office issued petitioner a notice of determination, dated Jan. 17, 2007, sustaining the proposed
(continued...)

Mr. Garrity's collection case, however, was resolved in Appeals in the manner described below.

On or about March 14, 2007, Mr. Garrity submitted Form 656, Offer in Compromise. The face of the Form 656 indicates that Mr. Garrity offered to pay $195,200 to compromise his tax liabilities for tax years 1990 through 2000, inclusive, plus 2002. Attached to the Form 656 is a memo, signed by Mr. Garrity and dated March 14, 2007, which states:

> To: Commissioner of the Internal Revenue Service
>
> I submitted an offer in compromise dated 03/14/07 in the amount of $195,200 to compromise unpaid income tax, plus Statutory Additions, for Taxable Period(s) 1992.
>
> The purpose of this letter is to amend and clarify that offer by adding the following provision:
>
> Although the liability sought to be compromised is the joint and individual liability of myself and my co-obligor(s), I am submitting this offer to compromise my individual liability only.
>
> If this offer is accepted, it does not release or discharge my co-obligor(s) from liability. The United States still reserves all rights of collection against the co-obligor(s).

Respondent's settlement officer signed the Form 656 on March 22, 2007, indicating acceptance of Mr. Garrity's offer in compromise. The Form 656 states: "The IRS will apply payments

3(...continued)
collection action; in docket No. 2927-07L, petitioner has petitioned this Court for review of this notice of determination.

made under the terms of this offer in the best interest of the government."

Mr. Garrity made the $195,200 payment on or about July 24, 2007.  Applying the $195,200 to the tax liabilities with the oldest assessment dates, respondent applied $153,677.44 of this amount to Mr. Garrity's 1999 liability and the remainder to his 1997 liability.[4]  None of the payments made through Mr. Garrity's offer-in-compromise were applied to his 1992 liability.

In the meantime, on November 1, 2006, petitioner and intervenor filed with this Court their motion to redetermine interest under Rule 261 and supplemented the motion on April 20, 2007.  In addition, on December 12, 2006, petitioner and intervenor filed a motion for leave to file motion to restrain assessment or collection during the pendency of their motion to redetermine interest.

---

[4] The assessment dates for the tax liabilities compromised by Mr. Garrity's offer-in-compromise are as follows:

| Tax Year | Assessment Date |
| --- | --- |
| 1990 | 1/4/2006 |
| 1991 | 1/4/2006 |
| 1992 | 1/4/2006 |
| 1993 | 7/24/2000 |
| 1994 | 7/3/2000 |
| 1995 | 7/24/2000 |
| 1996 | 7/31/2000 |
| 1997 | 6/12/2000 |
| 1998 | 6/19/2000 |
| 1999 | 5/22/2000 |
| 2000 | 4/15/2002 |
| 2002 | 11/24/2003 |

The parties filed various responses, replies, and supplements to these motions.  On September 17, 2007, the Court held a hearing on these motions.

Discussion

In certain limited circumstances the Tax Court has jurisdiction to reopen a case to redetermine interest after the decision has become final.  Med James, Inc. v. Commissioner, 121 T.C. 147, 151 (2003).  Section 7481(c) provides, in pertinent part:

>    SEC. 7481(c).  Jurisdiction Over Interest Determinations.
>
>    (1) In general.--Notwithstanding subsection (a), if, within 1 year after the date the decision of the Tax Court becomes final under subsection (a) in a case to which this subsection applies, the taxpayer files a motion in the Tax Court for a redetermination of the amount of interest involved, then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest or the Secretary has made an underpayment of such interest and the amount thereof.
>
>    (2) Cases to which this subsection applies.--This subsection shall apply where--
>
>>    (A)(i) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title, and
>>        (ii) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and
>>
>>    (B) the Tax Court finds under section 6512(b) that the taxpayer has made an overpayment.

Pursuant to this provision, this Court lacks jurisdiction over a motion to redetermine interest if the taxpayer has not paid the entire deficiency and the entire amount claimed by the Commissioner as interest on the redetermined deficiency. <u>Bax v. Commissioner</u>, 13 F.3d 54 (2d Cir. 1993); <u>Asciutto v. Commissioner</u>, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994). Respondent contends that petitioner has not met this requirement. Petitioner and intervenor counter that the requirement has been met because petitioner's 1992 tax liability was paid by: (1) The $50,000 advance payment referenced in the decision document; and (2) the payment of intervenor's offer-in-compromise.

Petitioner and intervenor appear to contend that because the $50,000 advance payment exceeded the $48,848 deficiency reflected in this Court's decision, petitioner has no remaining tax 1992 liability.[5] As expressly acknowledged in the parties'

---

[5] At various points in this proceeding petitioner and intervenor have contended that petitioner's $48,848 deficiency should be reduced by the $44,405 tax liability that was reported on petitioner's and intervenor's 1992 joint tax return. Petitioner and intervenor have not expressly raised this argument at the hearing or in their posthearing briefs and appear to have abandoned it; in any event, the argument is without merit.

On brief, petitioner and intervenor rely upon testimony of their accountant, who suggested variously that he had expected that petitioner's liability would be extinguished by Mr. Garrity's offer-in-compromise and that petitioner's correct 1992 tax liability was $28,182.22. The accountant was unable to say how he derived this number other than to say "it looks like a split balance * * * I'm not sure." We do not rely upon the accountant's vague and conclusory testimony. In any event,
(continued...)

stipulation reflected in the decision document, however, "interest will be assessed as provided by law on the deficiency due from petitioner". Respondent has assessed $54,004.38 of interest on the $48,848 redetermined deficiency. Petitioner and intervenor dispute the correctness of this interest calculation.[6] Pursuant to section 7481(c), however, the threshold question is not whether respondent correctly calculated the interest but whether "the deficiency plus interest claimed by the Secretary" has been paid. Obviously, the $50,000 advance payment was insufficient to pay the redetermined deficiency plus interest claimed.[7]

Petitioner and intervenor contend that we should also take into account the $195,200 that Mr. Garrity paid on or about

---

[5](...continued)
insofar as petitioner and intervenor seek to challenge the amount of petitioner's 1992 deficiency as found in this Court's final, stipulated decision, such a challenge is not properly made in this proceeding to redetermine interest.

[6] Petitioner and intervenor suggest, among other things, that the assessed interest is excessive because it fails to take into account that respondent allegedly initially posted the $50,000 advance payment to the wrong account before posting it, after a long delay, to petitioner's and Mr. Garrity's 1992 account. Petitioner and intervenor also suggest that respondent's interest calculation as reflected in respondent's 490 Activity Summary is invalid as to petitioner because only Mr. Garrity's name and Social Security number appear at the top of the document. As respondent's settlement officer testified, however, the 490 Activity Summary reflects respondent's interest calculation for petitioner's and Mr. Garrity's 1992 joint account, even though petitioner's name is not also shown.

[7] This conclusion is unaltered by the fact that on Feb. 21, 2006, respondent credited petitioner's and Mr. Garrity's 1992 joint account with an additional $915 payment.

July 24, 2007, pursuant to his offer-in-compromise.  Petitioner and intervenor suggest that because 1992 was one of the 12 tax years that were compromised under Mr. Garrity's offer-in-compromise, petitioner's 1992 liability was also extinguished. As support for their argument they cite the parties' stipulation as reflected in the decision document, which states:  "the payment of the entire amount of the deficiency in the amount of $48,848.00, plus interest as provided by law, by the other party jointly liable therefore, [sic] will discharge the instant petitioner from liability".

Mr. Garrity's offer-in-compromise expressly states, however, that it was submitted to compromise Mr. Garrity's "individual liability only" and did not "release or discharge my co-obligor(s) from liability."  Respondent applied Mr. Garrity's $195,200 payment to his 1997 and 1999 tax liabilities, on the basis that these years reflected the oldest assessments with, as respondent's settlement officer testified, "the least amount of time left on the collection statute."  We find no error in this action.  Mr. Garrity's offer-in-compromise expressly states that respondent may apply his payments under the offer-in-compromise in respondent's best interests.  See also Rev. Proc. 2002-26, sec. 3.03, 2002-1 C.B. 746, 746 (payments made pursuant to the terms of offers-in-compromise that have been accepted by the Commissioner in accordance with section 7122, absent an agreement between the parties, will be applied to periods in the order of

priority that the Commissioner determines will serve the Commissioner's best interests). Consequently, the compromise of Mr. Garrity's 1992 tax liability has not affected petitioner's 1992 liability.

Because petitioner and intervenor have failed to establish that the entire amount of petitioner's deficiency and assessed interest thereon claimed by respondent has been paid as required under section 7481(c)(2)(A)(ii), we lack jurisdiction to consider the motion for interest redetermination.

In addition, we will deny petitioner's and intervenor's motion for leave to file motion to restrain assessment or collection. Section 7421(a) broadly prohibits suits to restrain assessment or collection: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Although section 7421(a) enumerates exceptions to this general rule, petitioner and intervenor have not demonstrated that any of these exceptions applies. In particular, the restrictions on assessment and collection applicable to deficiencies, as provided in section 6213(a) and cross-referenced in section 7421(a), apply only "until the decision of the Tax Court has become final."

Once its decision becomes final, the Tax Court's authority under section 6213(a) to enjoin collection activity ends.[8]

Our task under section 7481(c) is to determine whether interest has been overpaid. If it has, this Court is vested specifically with jurisdiction to order the overpayment refunded. See section 7481(c)(3), with its cross-reference to section 6512(b)(1). Conspicuously absent is any explicit grant of authority to restrain collection, and indeed authority of that kind would seem out of place in the context of a statute confined, as is section 7481(c), to the adjudication of overpayments. Nor would this Court have jurisdiction to restrain collection as an ancillary matter, for as previously discussed we lack jurisdiction over the section 7481(c) motion itself.

---

[8] Moreover, as reflected in the decision document, petitioner stipulated that "effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. §6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final".

On brief petitioner and intervenor appear for the first time to request abatement of interest. Generally, we do not consider issues raised for the first time on brief where, as here, surprise and prejudice are found to exist. See Sundstrand Corp. & Subs. v. Commissioner, 96 T.C. 226, 346-347 (1991); Seligman v. Commissioner, 84 T.C. 191, 198 (1985), affd. 796 F.2d 116 (5th Cir. 1986). In any event, petitioner and intervenor have not met the jurisdictional prerequisites for bringing an action for review of failure to abate interest, inasmuch as there is no evidence that respondent issued a notice of final determination under sec. 6404, and no corresponding Tax Court petition has been filed for review of respondent's failure to abate interest.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be entered</u>.