**Robert J. LITTFIN and Evelyn K. Littfin; Gilbert J. McGough and Carol M. McGough; and Russell P. Kramer, Jr. and Sharon D. Kramer, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Nos. 93–9001, 93–9006 and 93–9008.**

United States Court of Appeals, Tenth Circuit.

March 1, 1994.

---

14. Although *Houston* involved a challenge to the predecessor of § 924, we do not believe that this is a significant distinction. Moreover, we find the reasoning used by that court persuasive.

Declan J. O'Donnell of Declan Joseph O'Donnell, P.C., Englewood, Colorado, for petitioners-appellants.

Kevin M. Brown, Attorney (Michael L. Paup, Acting Assistant Attorney General; David I. Pincus, Attorney; and Christine A. Grant, Attorney (in 93–9006), with him on the briefs); Tax Division, Department of Justice, Washington, D.C., for respondent-appellee.

Before KELLY and McKAY, Circuit Judges, and SEAY,[*] Chief District Judge.

McKAY, Circuit Judge.

Robert and Evelyn Littfin, Gilbert and Carol McGough, and Russell and Sharon Kramer (collectively, "taxpayers"), Appellants in the above-captioned cases, appeal from orders of the United States Tax Court holding that it lacked jurisdiction over Appellants' petitions for redetermination of interest on tax deficiencies. Because the three cases arise from the same circumstances, we consolidated the appeals.

In 1984, 1986, and 1989, the Commissioner of the Internal Revenue Service issued statutory notices of deficiency to the taxpayers, asserting deficiencies in income tax and addi-tions for various taxable years. The taxpayers individually filed petitions in the United States Tax Court contesting the alleged deficiencies. Settlement negotiations ensued, ultimately resulting in offers of settlement by the Commissioner. The offers of settlement remained open for periods ranging from eighteen months to seven years and were finally accepted by the taxpayers shortly before the offers were to expire. The parties then entered into stipulated decisions disposing of their cases, which decisions were entered by the Tax Court. Those stipulated decisions stated that "there are deficiencies in income taxes due from the [taxpayers] for [specific taxable years]," and that "effective upon the entry of this decision by the Court, [taxpayers] waive the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final."

Several months after these stipulated decisions became final, the taxpayers each filed motions to re-determine interest on the deficiency pursuant to I.R.C. § 7481(c) and Tax Court Rule 261. Each of the taxpayers' motions requested "a re-determination of the liability set forth by the Commissioner of Internal Revenue in the Commissioner's Assessment of Tax Liability, ... and ... [an] Abatement of Interest because of delays and errors of the [Commissioner] due to ministerial acts, under 26 U.S.C. 6404(e) and [an] abatement of interest for illegality under 26 U.S.C. 6404(a)(3)." Essentially, the taxpayers argued that the I.R.S. had improperly delayed action on these cases for several years pending resolution of related criminal cases, thus unfairly subjecting the taxpayers to increased interest liabilities. The Tax Court denied each of the taxpayers' petitions, concluding that it lacked the authority to review the Commissioner's determinations on abatement of interest. The taxpayers appeal.

The Second Circuit has recently addressed the identical issues raised in this appeal in a case arising out of the same circumstances.

---

[*] Honorable Frank H. Seay, Chief Judge of the United States District Court for the Eastern Dis-trict of Oklahoma, sitting by designation.

*See Bax v. Commissioner of Internal Revenue*, 13 F.3d 54, 1993 WL 535885 (2d Cir. 1993). We agree with the reasoning of the Second Circuit and we affirm on the grounds set forth in that opinion.[1]

AFFIRMED.

---

**1.** We note that the Fourth and Fifth Circuits have disposed of the same arguments as well in unpublished per curiam decisions. *See Amlie v. Commissioner of Internal Revenue,* 1993 WL 533249 (4th Cir.1993); *Frantz v. Commissioner of Internal Revenue,* 4 F.3d 990 (5th Cir.1993) (table); *Job v. Commissioner of Internal Revenue,* 4 F.3d 990 (5th Cir.1993) (table).