33 F.3d 62
 74 A.F.T.R.2d 94-6271
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert L. Goetz and Toni M. Goetz, Petitioners-Appellants,
and
Ralph R. McLeod, Jean McLeod, Dinesh C. Parikh and Aruna D.
Parikh, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-9000.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LOGAN
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert L. Goetz and Toni M. Goetz (taxpayers) appeal the judgment of the United States Tax Court denying their motion to re-determine interest on their stipulated tax deficiency. Taxpayers had entered a stipulated decision in which the Tax Court determined that "there are deficiencies in income tax due from the [taxpayers] for the taxable years 1979 and 1980 in the amounts of $1,337.00 and $7,504.00 respectively." Doc. 8 at 1. The decision also stated that "effective upon the entry of this decision by the Court, [taxpayers] waive the restrictions contained in I.R.C. 6213(a) prohibiting assessment and collection of the deficiencies (plus statutory interest ) until the decision of the Tax Court becomes final." Doc. 8 at 2 (emphasis added). Taxpayers then filed a motion to re-determine interest on the deficiency pursuant to I.R.C. 7481(c) and Tax Court Rule 261. Taxpayers requested an abatement of interest "because of delays and errors of the [Commissioner] due to ministerial acts, under [I.R.C. 6404(e) ] and for abatement of interest for illegality under [I.R.C. 6404(a)(3) ]." Doc. 9 at 1.
 
 
 3
 The Tax Court found that it lacked jurisdiction to hear taxpayers' claim under 7481(c) of the Code because taxpayers failed to pay the interest at issue, and also stated that it lacked authority to review the Commissioner's determination on abatement of interest under 6404(e)(1). Taxpayers appealed, asserting the Tax Court had jurisdiction under 7481(c) to re-determine interest, including abatement under 6404, even when taxpayers did not prepay all of the interest.
 
 
 4
 In Littfin v. Commissioner, 17 F.3d 1345 (10th Cir.1994), a case argued by appellants' counsel and apparently arising out of the same operative facts, we addressed the issues raised in the instant case. We there affirmed the Tax Court's decision that it lacked the authority to review the Commissioner's determinations on abatement of interest, adopting the reasoning of Bax v. Commissioner, 13 F.3d 54 (2d Cir.1993). Our decision in Littfin controls disposition of this case.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470