76 F.3d 393
 77 A.F.T.R.2d 96-1218, 96-1 USTC P 50,148
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bronislavas V. SAKALYS, Jurate A. Sakalys, Petitioners--Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-9002.
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1996.
 
 Appeal from U.S. Tax Court
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Taxpayers Mr. Bronislavas V. Sakalys and Dr. Jurate A. Sakalys, husband and wife, appeal from a decision of the Tax Court upholding deficiency assessments of the Commissioner.[2] Taxpayers argue that the Tax Court erred in upholding the assessments and in finding they could not deduct (1) Mr. Sakalys' alleged temporary employment expenses claimed in connection with his employment in California and (2) their purchases of home furnishings for an apartment in California and expenses to maintain their home in Colorado as sabbatical expenses of Dr. Sakalys.
 
 
 3
 We review purely factual questions under a clearly erroneous standard. Anderson v. Commissioner, 62 F.3d 1266, 1270 (10th Cir.1995). We review the mixed questions of law and fact in this case under the clearly erroneous standard because the mixed questions are primarily factual. See id. Upon consideration of the briefs and record on appeal and relevant law, we conclude ample evidence supports the Tax Court's findings, and therefore its decision is not clearly erroneous. Taxpayers have not shown how the Tax Court's factual findings are clearly erroneous. Accordingly, we affirm the Tax Court for substantially the reasons stated in its opinion of August 18, 1994. Sakalys v. Commissioner, T.C. Memo.1994-400 (1994).
 
 
 4
 Taxpayers argue for the first time on appeal that any interest on the deficiencies should be waived due to Internal Revenue Service untimeliness, ambiguous tax law, and the unreasonable length of time for court proceedings. We need not consider this argument raised for the first time on appeal. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir.), cert. denied, 116 S.Ct. 57 (1995). In any event, we are without authority to abate interest. See Littfin v. Commissioner, 17 F.3d 1345, 1346-47 (10th Cir.1994)(adopting reasoning of Bax v. Commissioner, 13 F.3d 54, 58 (2d Cir.1993), that interest abatement is discretionary relief solely within authority of Commissioner and beyond judicial review).
 
 
 5
 The judgment of the Tax Court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 At this court's request, the parties addressed by memorandum briefs whether the taxpayers' notice of appeal was timely. We are in agreement with the parties that the notice of appeal was timely, because the timely mailing of the notice of appeal amounted to a timely filing of the appeal. See 26 U.S.C. 7502(a)(1); Fed. R.App. P. 13(b)