DAVID G. STAUFFACHER AND PATRICIA STAUFFACHER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 23885-88.     Filed October 30, 1991.

*Paul A. Croake,* for the petitioners.
*Michael J. Calabrese,* for the respondent.

## OPINION

COHEN, *Judge:* A decision was entered in this case on March 30, 1990, pursuant to the agreement of the parties. On June 24, 1991, petitioners filed a motion for Court to redetermine interest on deficiency, relying on Rule 261, Tax Court Rules of Practice and Procedure. Petitioners seek to have interest determined in accordance with an alleged accord and satisfaction resulting from an appeals auditor's tentative computation of interest payable under a settlement. Respondent contends that the alleged agreement is unenforceable and, in any event, that the Court lacks jurisdiction to grant the relief sought by petitioners.

### Background

On June 16, 1988, respondent sent to petitioners a notice of deficiency in which he determined deficiencies in and

additions to petitioners' Federal income taxes for 1983, 1984, 1985, and 1986. A petition was filed September 15, 1988, challenging respondent's determination. Petitioners did not claim an overpayment in the petition.

By notice served October 26, 1989, this case was set for trial in Milwaukee, Wisconsin, on March 26, 1990. When the case was called for trial, the parties filed a stipulation setting forth the agreed amounts of deficiencies and additions to tax for 1983, 1984, and 1986 and an overpayment for 1985. Each amount was agreed "without taking into consideration, tentative carryback allowances or carrybacks, if any, from the taxable year 1987." The final paragraph of the stipulation provided:

It is further stipulated that, effective upon the entry of the decision by the Court, petitioners waive the restriction contained in I.R.C. sec. 6213(a), prohibiting assessment and collection of the deficiencies and additions to the tax (plus statutory interest) until the decision of the Tax Court has become final.

A decision prepared by the parties pursuant to the stipulation was entered March 30, 1990, and became final 90 days thereafter under section 7481(a). (All section references are to the Internal Revenue Code as in effect at the time petitioners' post-decision motion was filed.)

In their motion, petitioners allege that they made two payments of assessed interest, $16,561 paid December 29, 1989, and $40,628.35 paid November 19, 1990. They assert that the latter payment was an overpayment.

The facts relied on by petitioners are essentially undisputed. The parties agree that the case was settled in the Milwaukee appeals office. The settlement included allowance of a net operating loss and certain credit carrybacks from 1987, a year not before the Court in this case. On December 20, 1989, the Milwaukee appeals office sent to petitioners two audit statements and computations, one of which showed the overpayment, deficiencies in tax, and additions to tax resulting from the settlement prior to allowance of the carryback, and one of which showed the overpayment, deficiencies in tax, and additions to tax resulting after allowance of the carryback. In December 1989, petitioners desired to make an interest payment prior to the close of the taxable year. One of petitioners' representatives re-

quested from an Internal Revenue Service (IRS) appeals auditor his computation of estimated interest. An auditor on the staff of the Milwaukee appeals office audit section prepared and sent to petitioners such a computation, showing accrued interest as $16,561. The computation was erroneous in several respects. Petitioners paid the amount calculated by the auditor.

After the decision was entered, $40,628.35 in interest (in addition to the $16,561) was assessed and paid. Respondent has now recomputed the interest that should have been assessed and arrived at an amount lower than that previously assessed.

## Discussion

Petitioners have not addressed the correct statutory computation of interest either in their moving papers or in their reply ordered by the Court. Petitioners contend that their payment of interest computed by an auditor in the IRS appeals office in December 1989 constituted an agreement as to the amount of interest due on the deficiencies determined by the decision entered in this case and that respondent is equitably estopped from claiming a greater amount of interest. Respondent contends that the appeals auditor was not authorized to enter into any such agreement; that the auditor's erroneous computation was a mistake of law that cannot be binding; that the error in the computation was readily discernible by petitioners' representatives, and they could not reasonably have relied on it; and that the Court does not have jurisdiction to grant the equitable relief requested by petitioners.

Rule 261 is a new Rule, effective for motions filed in respect of deficiencies redetermined by the Court that are assessed after November 30, 1988. Rule 261 implements section 7481(c), added by section 6246(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3751. Section 7481(c) provides:

SEC. 7481(c). JURISDICTION OVER INTEREST DETERMINATIONS.—Notwithstanding subsection (a), if—

(1) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,

(2) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and

(3) within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a determination that the amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title,

then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest and the amount of any such overpayment. If the Tax Court determines under this subsection that the taxpayer has made an overpayment of interest, then that determination shall be treated under section 6512(b)(1) as a determination of an overpayment of tax. An order of the Tax Court redetermining the interest due, when entered upon the records of the court, shall be reviewable in the same manner as a decision of the Tax Court.

As explained in the note to the new Rule, 93 T.C. 821, 1040-1041:

Code Section 7481(c) serves to confer jurisdiction on the Court to redetermine interest on deficiencies assessed under Code Section 6215. Before the enactment of that section, the Court did not have jurisdiction to resolve disputes that arose over the Commissioner's post-decision computation of interest. Now, however, if a dispute over interest arises, the taxpayer is no longer required to seek redress in some other forum, but rather may seek review in the same court which redetermined the deficiency that gives rise to the liability for interest, i.e., this Court.

\* \* \* \* \* \* \*

Under paragraph (d) of the Rule, a motion to redetermine interest will ordinarily be disposed of without an evidentiary or other hearing. Paragraph (b), which sets forth the required content of such a motion, and paragraph (c), which sets forth the required content of the Commissioner's written response, are intended to provide the necessary basis to enable the Court to so act. Those paragraphs specifically require the parties to include a schedule detailing the computation of interest claimed by each to be the correct amount. These schedules should include not only the applicable interest rates and the period for which each such rate is effective, but also the mathematics underlying each step in the computation. \* \* \*

Our jurisdiction under section 7481(c) is "solely to determine" whether the taxpayer has made an overpayment of interest "imposed by this title," i.e., tit. 26, U.S. Code. Petitioners here are not seeking what the statute and Rule 261 contemplate, i.e., determination of the correct amount of interest due under section 6215 and our decision. They are seeking to enforce an alleged agreement that, as they

describe it, is inconsistent with our decision and with the statutes providing for calculation of interest. Their stipulation executed 3 months after the alleged agreement, as quoted above, specifically incorporated "statutory interest" in the amount to be assessed. Petitioners now seek, in effect, to revise the decision, which is now final, to reflect a lump-sum settlement.

We agree with respondent that we have no jurisdiction to determine interest and an overpayment in the amounts asserted by petitioners, even if we were persuaded that an enforceable agreement as to the amount of interest existed. Because respondent's recomputations cast doubt on the correctness of the interest assessed, however, petitioners' motion will be granted to the extent that it seeks redetermination of interest. Because petitioners have not shown that respondent's new calculation is incorrect under the statutory provisions, however, the amount will be redetermined in accordance with respondent's calculation.

*An appropriate order will be entered.*