J.C. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 24979-91
United States Tax Court
T.C. Memo 1994-291; 1994 Tax Ct. Memo LEXIS 294; 67 T.C.M. (CCH) 3130; June 27, 1994, Filed *294 J.C. Thomas, pro se. For respondent: Elizabeth A. Maresca. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on petitioner's Motion to Redetermine Interest filed pursuant to section 7481(c) and Rule 261. [1]
Background
By notice of deficiency dated August 30, 1991, respondent determined a deficiency in and addition to petitioner's Federal income tax for the taxable year 1988. Petitioner challenged respondent's determination by filing a petition [2] with this Court on October 28, 1991. On July 22, 1992, the parties submitted and the Court entered a stipulated decision in this case. The decision document, executed by both parties, provides that there is a deficiency in petitioner's Federal income tax for the taxable year 1988 in the amount of $ 2,461, and that petitioner is liable *295 for an addition to tax under section 6653(a) in the amount of $ 14. The decision further provides in pertinent part: It is further stipulated that effective upon entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. section 6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final. [Emphasis added.]
The decision in this case became final 90 days after it was entered. Secs. 7481(a), 7483. Petitioner filed a Motion to Redetermine Interest on October 25, 1993. [3] Petitioner contends that respondent erroneously assessed and collected interest in the amount of $ 1,033.71 for the taxable year 1988. In particular, petitioner maintains that his tax liability for the 1988 taxable year is limited to the amounts specifically listed in the decision entered by this Court. Absent a specific reference to statutory *296 interest in the decision document, petitioner asserts that respondent is precluded from collecting such interest. While the motion is not clearly drafted, we also understand petitioner to argue that respondent collected more statutory interest for the 1988 taxable year than is properly due. Respondent filed a Notice of Objection to petitioner's motion. Relying on Stauffacher v. Commissioner, 97 T.C. 453 (1991), respondent contends that this Court lacks jurisdiction to grant petitioner the relief he seeks. More specifically, respondent contends that this Court's jurisdiction under section 7481(c) is limited to determining the correct amount of interest due on the deficiency as redetermined by the Court. In the alternative, respondent contends that the decision entered in this case clearly indicates that petitioner remains liable for statutory interest. *297 Based upon our review of petitioner's motion and respondent's objection thereto, we directed respondent to file a supplement to her objection setting forth in detail her computation of the interest due from petitioner for the 1988 taxable year. Respondent complied with our order by filing a supplemental notice of objection. Attached to respondent's supplemental notice of objection is an affidavit executed by Michael Bonowicz, an Appeals auditor, as well as a special statement of account and a transcript of account outlining the amounts assessed against, and collected from, petitioner. Respondent's supplemental notice of objection indicates that on January 4, 1993, respondent assessed interest against petitioner in the amount of $ 1,033.71 for the taxable year 1988 reflecting interest due from April 15, 1989 (the due date of petitioner's 1988 return) to August 21, 1992 (30 days after the decision was entered in this case). Further, on March 8, May 10, and June 14, 1993, respondent assessed additional interest in the amount of $ 34.18, reflecting interest accruing from August 22, 1992, to May 24, 1993. Respondent collected the interest due from petitioner on January 4, March 8, *298 May 10, and June 14, 1993, by applying income tax refunds due petitioner for the taxable years 1989 and 1990. Petitioner has not come forth with any evidence supporting the proposition that respondent collected more interest than is properly due for the 1988 taxable year. Discussion
This Court's jurisdiction to redetermine a tax deficiency generally does not extend to statutory interest imposed under section 6601. See Bax v. Commissioner,13 F.3d 54, 56-57 (2d Cir. 1993), affg. an Order of this Court; LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975); see also Asciutto v. Commissioner,T.C. Memo. 1992-564, affd.   F.3d    (9th Cir., June 17, 1994). For this reason, the portion of a decision document setting forth the Court's order and decision normally will not include a reference to a taxpayer's liability for such interest. In contrast, section 7481(c), added by section 6246(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3751, serves to confer jurisdiction on this Court to resolve disputes over respondent's post-decision computation *299 of statutory interest; i.e., to redetermine interest on deficiencies found by this Court and assessed under section 6215. See note to Rule 261, 93 T.C. 821, 1040-1041. Section 7481(c) provides in pertinent part: (c) Jurisdiction Over Interest Determinations. -- Notwithstanding subsection (a), if -- (1) an assestment has been made by the Secretary under section 6215 which includes interest as imposed by this title, (2) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and (3) within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a redetermination that the amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title,
then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest and the amount of any such overpayment. * * *
Confronted with similar circumstances in Stauffacher v. Commissioner, supra, we denied the taxpayers' motion to redetermine interest to the extent they *300 sought to be excused from paying any statutory interest. In particular, the taxpayers in Stauffacher were attempting to enforce an agreement purportedly limiting their liability for statutory interest that was both contrary to the decision entered in their case and inconsistent with the statutory provisions governing the calculation of interest. Id. at 456-457. [4] In denying this aspect of the taxpayers' motion, we emphasized that Our jurisdiction under section 7481(c) is "solely to determine" whether the taxpayer has made an overpayment of interest "imposed by this title," i.e., tit. 26, U.S. Code. * * * [Id. at 456.]
*301 However, in light of evidence that respondent may have erred in computing the statutory interest due in Stauffacher, we exercised our limited jurisdiction under section 7481(c) to redetermine the correct amount of interest. Consistent with Stauffacher, we will deny petitioner's Motion to Redetermine Interest. Simply put, we have no authority to determine that petitioner is not liable for statutory interest. We agree with respondent that such relief is beyond that contemplated under section 7481(c). Moreover, based on the record presented, including respondent's supplemental notice of objection and the attachments thereto, we are satisfied that respondent assessed and collected the correct amount of interest due from petitioner. Petitioner failed to introduce any evidence to the contrary. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of filing the petition herein, petitioner resided at New York, New York.↩
3. The envelope containing the motion was postmarked on Oct. 20, 1993. Accordingly, the motion was timely filed. Secs. 7481(c)(3), 7483.↩
4. As is the case here, the parties in both Bax v. Commissioner, 13 F.3d 54 (2d Cir. 1993), affg. an order of this Court, and Stauffacher v. Commissioner, 97 T.C. 453↩ (1991), stipulated that respondent would be free to assess and collect the deficiencies in and additions to tax, including statutory interest, immediately upon entry of the decision by the Court.