T.C. Memo. 1997-476

UNITED STATES TAX COURT

JULIAN B. KRAFT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6689-97.                    Filed October 20, 1997.

Julian B. Kraft, pro se.

Leonard T. Provenzale and Pamela S. Wilson, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This matter is before
the Court on respondent's Motion to Dismiss for Lack of
Jurisdiction and petitioner's Motion to Restrain Collection.[1]

_____

    [1]  All section references are to the Internal Revenue Code
as amended.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

The primary issue for decision is whether the Court has jurisdiction over the petition filed in this case.

Background

Petitioner's 1991 Federal income tax return was the subject of an examination conducted during 1995. During the course of the examination, petitioner expressed his disagreement with several adjustments proposed in the examining agent's report and indicated that he intended to preserve all rights he might have including further administrative review and the right to file a petition with the Tax Court. However, on or about January 9, 1996, petitioner executed Form 4549, containing a summary of the examining agent's proposed income tax changes, which included an increase in petitioner's tax liability for 1991 in the amount of $2,828 as well as statutory interest. The preprinted language on the Form 4549 states in part as follows:

> Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus any additional interest as provided by law.* * *

In executing the Form 4549, petitioner obliterated the amount listed for statutory interest and inserted the amount $2,828 in place of the figure listed as the total amount due.

Shortly after executing and returning the Form 4549 to the examining agent, petitioner received a tax bill for 1991 listing

tax and interest due in the amounts of $2,828 and $1,002.54, respectively. It appears that petitioner paid the tax due in the amount of $2,828. In any event, respondent subsequently mailed a Notice of Intent to Levy to petitioner listing an "additional penalty and interest" due for 1991 in the amount of $1,089.30.

In response to the Notice of Intent to Levy, petitioner wrote to the Internal Revenue Service Problem Resolution Office contending that the Form 4549 that he executed constitutes a binding contract under which respondent agreed that petitioner would not be liable for statutory interest. The Problem Resolution Office responded to petitioner's inquiry by letter indicating the statutory interest must be assessed on all deficiencies.

Following these developments, petitioner filed a petition with the Court seeking a redetermination of the interest listed as due and owing in respondent's Notice of Intent to Levy.[2] In addition, petitioner filed a Motion to Restrain Collection asserting that respondent is improperly attempting to collect the interest in dispute in this case.

Respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that the Court lacks jurisdiction in this case on the grounds that: (1) Respondent did not issue a notice

---

[2] At the time the petition was filed, petitioner resided in West Palm Beach, Florida.

of deficiency to petitioner; and (2) petitioner did not properly request an abatement of interest.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument with respect to the pending motions. Although petitioner did not appear at the hearing, he did a file a written statement with the Court pursuant to Rule 50(c).

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency in tax depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

The Court's jurisdiction to redetermine a tax deficiency generally does not extend to statutory interest imposed under section 6601. See LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975); see also Asciutto v. Commissioner, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994). One exception to the general rule stated above arises under section 7481(c) which confers jurisdiction on the Court to resolve disputes over respondent's

post-decision computation of statutory interest; i.e., to redetermine interest on deficiencies found by the Court and assessed under section 6215.[3]  See note to Rule 261, 93 T.C. 821, 1040-1041 (1989); see also Stauffacher v. Commissioner, 97 T.C. 453 (1991).  In addition, the Court is authorized pursuant to section 6404(g) to review the Commissioner's denial of a taxpayer's request for abatement of statutory interest.[4]  See

---

[3]  Sec. 7481(c), codified under sec. 6246(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3751, provides in pertinent part:

> (c) Jurisdiction Over Interest Determinations.--
> Notwithstanding subsection (a), if--
>
> (1) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,
>
> (2) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and
>
> (3) within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a determination that the amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title,
>
> then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest and the amount of any such overpayment. * * *

[4]  Sec. 6404(g), codified under sec. 302(a) of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), provides in pertinent part as follows:

(continued...)

Banat v. Commissioner, 109 T.C. 96 (1997); White v. Commissioner, 109 T.C. 92 (1997); Goettee v. Commissioner, T.C. Memo. 1997-454.

Petitioner concedes that respondent did not mail a notice of deficiency to him for the taxable year 1991.  However, petitioner contends that he was advised by a revenue agent to file a petition with the Court within 70 days of the date appearing on the letter that petitioner received from the Problem Resolution Office.  Assuming for the sake of argument that petitioner was erroneously advised to file the petition herein, such fact does not provide a basis for the Court to exercise jurisdiction over a matter not authorized by statute.  See, e.g., Schoenfeld v. Commissioner, T.C. Memo. 1993-303 n.4.  Respondent did not issue a notice of deficiency to petitioner.  His petition sought a redetermination only of statutory interest, not of the underlying increase in tax which had been assessed and paid pursuant to the waiver on the Form 4549.  It follows that we lack jurisdiction in

---

[4](...continued)
      (g) Review of Denial of Request for Abatement of
Interest.--

            (1) In General.--The Tax Court shall
      have jurisdiction over any action brought by
      a taxpayer who meets the requirements
      referred to in section 7430(c)(4)(A)(iii) to
      determine whether the Secretary's failure to
      abate interest under this section was an
      abuse of discretion, and may order an
      abatement, if such action is brought within
      180 days after the date of the mailing of the
      Secretary's final determination not to abate
      such interest.

this case insofar as the petition represents an attempt to invoke the Court's jurisdiction pursuant to section 6213(a). Similarly, petitioner may not invoke the Court's jurisdiction pursuant to section 7481(c), under which the Court's authority to redetermine interest is limited to interest on a deficiency that has been redetermined by a decision of the Court and assessed under section 6215.

The Court is equally satisfied that jurisdiction is lacking under section 6404(g). Although petitioner admits that he did not file a formal request for abatement of interest with respondent, petitioner contends that the Court should consider the letter that he received from respondent's Problem Resolution Office as the equivalent of a denial of a request for abatement of interest. We find petitioner's reliance on the Problem Resolution Office letter to be misplaced given that the letter merely addresses petitioner's contention that he is not liable for interest based upon the Form 4549 that he executed for the taxable year 1991. The letter does not indicate that any consideration was given to a request for abatement of interest pursuant to section 6404. In the absence of a specific request for abatement of interest and the Commissioner's final determination denying such request, the Court does not have jurisdiction to consider this matter pursuant to section 6404(g).

In sum, we hold that the Court lacks jurisdiction over the petition filed herein.  Accordingly, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction.

As a final matter, we turn to petitioner's Motion to Restrain Collection.  Section 6213(a) provides that the Tax Court may enjoin the Commissioner's collection efforts if the Commissioner is attempting to collect amounts that have been placed in dispute in a timely filed petition for redetermination. Powerstein v. Commissioner, 99 T.C. 466, 471-472 (1992); Powell v. Commissioner, 96 T.C. 707, 711 (1991).  The record reflects that respondent is attempting to collect interest for the taxable year 1991.  Consistent with our holding that we lack jurisdiction to consider petitioner's liability for such interest, it follows that we have no authority to enjoin respondent's collection efforts.  Powell v. Commissioner, supra.  Accordingly, we shall deny petitioner's Motion to Restrain Collection.

To reflect the foregoing,

> An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction and denying petitioner's Motion to Restrain Collection.