T.C. Memo. 2009-33


UNITED STATES TAX COURT


DAVID LEE SMITH AND MARY JULIA HOOK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22223-07.            Filed February 11, 2009.


        When this deficiency case was called for trial,
the parties represented that they had just reached a
basis of settlement, consisting of adjustments to
income reflected on Forms 4549-A, Income Tax
Discrepancy Adjustments.  Each of the forms included a
line 19(c) for "Interest", on which the amount "0.00"
was typed for each year in suit; but no mention of
interest was made by the parties among themselves or
before the Court.  After consultation, the parties
confirmed that the calculations reflected on the
Forms 4549-A were correct and that they were willing to
settle on that basis, and the Court ordered them to
file a stipulated decision document within 30 days.
The parties could not stipulate.  Instead, R moved the
Court to enter decision in the amounts of tax,
additions to tax, and penalties shown on the
Forms 4549-A with no decision as to interest; P-W did
not object to R's motion; and P-H cross-moved the Court
to enter decision in those same amounts of tax,
additions to tax, and penalties, plus zero amounts in
interest.

<u>Held</u>:  In a deficiency case under sec. 6213(a), I.R.C., the Tax Court has no jurisdiction to determine interest due on the deficiency.

<u>Held</u>, <u>further</u>, where R and P-W reasonably believed that interest was not included in the parties' proposed settlement, but P-H reasonably believed (from the zero entries for interest on line 19(c) of Forms 4549-A) that zero interest was a term in the parties' proposed settlement, the parties failed to have a meeting of the minds on a material term and did not settle the case.

David Lee Smith, pro se.

<u>Ted H. Merriam</u>, for petitioner Mary Julia Hook.

<u>Joan E. Steele</u>, for respondent.

MEMORANDUM OPINION

GUSTAFSON, <u>Judge</u>:  This case is before the Court on the parties' cross-motions for entry of decision.  On October 7, 2008, respondent filed a motion for entry of decision requesting that the Court enter a decision "pursuant to the agreement of the parties", determining deficiencies in tax, additions to tax, and penalties for the years 2001 through 2005.  Petitioner Mary Julia Hook filed a response on October 24, 2008, indicating that she does not object to the requested entry of decision.  Petitioner David Lee Smith filed a response and cross-motion on October 23, 2008, in which he objects to the entry of decision as requested by respondent, and instead requests that decision be entered in those same amounts but "including $0.00 for interest."  We will deny both respondent's motion and Mr. Smith's cross-motion for the reasons stated below.

## Background

### Pretrial Proceedings

On July 3, 2007, the Internal Revenue Service (IRS) issued to petitioners David Lee Smith and Mary Julia Hook notices of deficiency pursuant to section 6212(a),[1] determining deficiencies in tax for the tax years 2001 through 2005, along with additions to tax under section 6651(a)(1) and penalties under section 6662, totaling $626,756. Attached to the notices were Forms 4549-A, Income Tax Discrepancy Adjustments, that showed the IRS's proposed adjustments to their income, and that gave the deficiency (on line 14) and the additions to tax and penalties (on line 17(a) and (b)) that appeared on the notice of deficiency.

The Forms 4549-A attached to the notices of deficiency also included a line 19(c) with the printed caption "Interest (IRC § 6601) - computed to", which was completed with the typed date "07/15/2007" (the date one month after the forms were dated), and in the column for each of the five years, an amount of interest was stated. These interest amounts totaled $152,382, which was about 24 percent of the total liabilities for tax, additions to tax, and penalties. However, as usual, the interest amounts did not appear on the notices of deficiency.

On September 28, 2007, Mr. Smith and Ms. Hook filed their petition challenging the deficiencies the IRS had determined in

[1]Except as otherwise noted, all section references are to the Internal Revenue Code (26 U.S.C.), and all Rule references are to the Tax Court Rules of Practice and Procedure.

tax, additions to tax, and penalties.  (The petitions made no mention of interest.)  At that time both petitioners resided in Colorado.  The petition alleged that the petitioners are "married individuals who are separated".  Ms. Hook thereafter obtained separate representation, and Mr. Smith represents himself.  Since May 2008 the petitioners have each submitted their own non-joint filings in this case.

On April 8, 2008, the Court issued its notice that the case would be tried at the calendar commencing September 8, 2008, in Denver, Colorado.  After the issuance of that notice, Mr. Smith filed four motions[2] that, if granted, would have had the practical result of delaying the September 2008 trial.  The Court denied all of his motions.  The case was called during the September 8 calendar, and the Court ordered that the case would be tried on September 9, 2008.

Settlement Attempt

On September 9, 2008, the parties appeared, and counsel for respondent informed the Court that the parties had reached "a basis of settlement."  She presented "a computation form" which "shows all the adjustments to income for all of the issues for the years before the Court."  Respondent's counsel requested "to lodge [the form] with the Court as the basis of settlement and

---

[2]On June 10, 2008, Mr. Smith moved to stay proceedings; on July 16, 2008, he moved to stay proceedings; on July 22, 2008, he moved to have himself dismissed from the case; on August 7, 2008, he moved to continue the trial; and on September 3, 2008, he moved to disqualify the undersigned Judge.

request[ed] 30 days for the filing of the decision document."
The document was lodged with the Court.

The "computation form" consisted of two Forms 4549-A. Like the equivalent forms previously attached to the notices of deficiency, these forms gave, for each of the five years, amounts of deficiency (on line 14) and additions to tax and penalties (on line 17(a) and (b)), though in this instance those amounts totaled only $314,154--just slightly more than 50 percent of the total amounts on the notice of deficiency.

Like the equivalent forms attached to the notice of deficiency, these Forms 4549-A also included a line 19(c) with the printed caption "Interest (IRC § 6601) - computed to", and in this instance it was completed with the typed date "10/08/2008" (the date one month after the form was dated), and in the column for each of the five years the figure "0.00" was typed. At the September 9 hearing, no mention was made of these entries.

At the September 9 hearing, counsel for Ms. Hook explained that the parties had reached "conceptually a simple settlement on the basis of the settled issues * * *. And the computations flow from there". He indicated that this meant that the parties had not actually reached agreement on the amounts of deficiencies to be determined, but had so far agreed only on the outcomes of the issues in the case. The Court instructed the parties to "do whatever you need to do to satisfy yourself that these computations are correct. And then when we know that we have an agreement, we'll accept this and proceed." The Court then

recessed for 20 minutes, after which Ms. Hook's counsel and Mr. Smith affirmed that they had confirmed "the correctness of the calculations reflected on the Form 4549A".  Mr. Smith stated that he was "willing to rely on what counsel for my co-Petitioner has stated with respect to the accuracy of it.  * * * I am willing to settle on that basis."[3]  The Court ordered the parties to cooperate in filing a stipulated decision document within 30 days.

At the September 9 hearing, the parties made no mention of the subject of interest and no mention of the zero figures on line 19(c).  Neither party alleges any statement made among the parties outside the hearing that informs the terms of an agreement between the parties.  Ms. Hook's counsel did inform her (apparently out of the hearing of the other parties) that statutory interest would be added to the amount of any settlement.

Failure to Stipulate

Thereafter, respondent prepared a draft decision document. The draft was consistent with the conventions normally used to

---

[3]Mr. Smith explicitly deferred to the judgment of Ms. Hook's counsel as to the terms of the agreement.  See Hrg. Tr. 5, Sept. 9, 2008 ("Your Honor, I don't know anything about the factual basis for this settlement.  So I'm just taking counsel's word that that is true, and that's fine if that is the case"); id. at 6 ("If my co-Petitioner and her attorney agree to those numbers, I do also"); id. at 9 ("there is no way I can figure the accuracy of those figures. * * * But I am willing to rely on what counsel for my co-Petitioner has stated with respect to the accuracy of it.  Presumably, he has checked that out, and I am willing to settle on that basis").

settle Tax Court cases.[4]  It consisted of two parts--first, a "Decision" determining deficiencies, additions to tax, and penalties for the suit years (in the amounts on the Forms 4549-A lodged on September 9, 2008), followed by a blank to be signed by the Judge; and second, below the Judge's signature blank, three additional paragraphs followed by signature blocks for the parties.  The three paragraphs read as follows:

> It is hereby stipulated that the Court may enter the foregoing decision in this case.

> It is further stipulated that interest will be assessed as provided by law on the deficiencies, penalties, and additions to tax due from petitioners.

> It is further stipulated that, effective upon the entry of this decision by the Court, petitioners waive the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies, penalties, and additions to tax (plus statutory interest) until the decision of the Tax Court becomes final.

In correspondence with the IRS, Mr. Smith objected to the second and third of these paragraphs.  As to the provision about interest, Mr. Smith wrote:  "This stipulation would change the calculation agreed to by the parties and their attorneys and approved by the Tax Judge on September 8 [sic], 2008.  As you will recall, the Tax Court Judge said that he would not permit any changes to be made to the September 8 [sic], 2008

---

[4]See Internal Revenue Manual (IRM) Exhibit 35.11.1-128 (Aug. 11, 2004); see also IRM pt. 35.8.2.5(1) (Aug. 11, 2004) ("the separate stipulation document or the stipulation part of the combined stipulation and decision document should contain the following paragraph:  'It is stipulated that interest will be assessed as provided by law on the deficiency(ies) in tax, addition(s) to tax, and penalty(ies) due from petitioner(s)'").

calculation."  As to the provision about waiver of the restriction of section 6213(a), Mr. Smith stated simply:  "I do not see the need for this stipulation."

Motions for Entry of Decision

On October 7, 2008, respondent filed a motion for entry of decision, asking the Court to enter a decision in the amounts of deficiencies of tax, additions to tax, and penalties that appear on the Forms 4549-A that were lodged with the Court on September 9, 2008.  Respondent does not request any decision or ruling either on waiver of the restriction of section 6213(a) or on the issue of interest.

Ms. Hook's response to respondent's motion explains her objection to the second and third paragraphs in the draft decision document.  It states that she "should not be forced to stipulate to something to which she did not agree"; asserts that "the Court does not have the power to force Ms. Hook to waive the § 6213(a) restriction"; states that "Respondent has the power to assess interest even if it is not contained in the Decision"; and states that she "does not object to entry of decision of the deficiencies and penalties set forth on page 1 of Respondent's Motion for Entry of Decision."

Mr. Smith's response and cross-motion argues that respondent's position is "bizarre" and "frivolous" in arguing that "the Tax Court lacks jurisdiction over issues concerning interest computed under I.R.C. § 6601".  Mr. Smith moves the Court to "enter a decision in accordance with the September 9,

2008 calculation and settlement, including $0.00 for interest." Mr. Smith does not allege that the parties ever discussed the issue of interest.

Thus, each of the parties asserts--

- that the parties reached a settlement on September 9, 2008;

- that pursuant to that settlement, the Court should enter a decision;

- that the amounts of tax, additions to tax, and penalties that should be included in that decision are those that appear on the Forms 4549-A lodged with the Court on September 9, 2008; and

- that the Court's decision should not address the restriction of section 6213(a).

The only dispute is as to interest. Respondent and Ms. Hook both maintain that the Court's decision should not address interest, and that the IRS will thereafter be able to assess interest. Mr. Smith maintains that the Court's decision should address interest, and that the amount of interest in the decision should be zero.

<u>Discussion</u>

I.  <u>In a deficiency case, the Court has no jurisdiction to enter a decision as to interest on the taxpayer's tax deficiencies</u>.

When a taxpayer has an underpayment of tax, interest will generally be due on that underpayment, pursuant to section 6601(a). As a result, when the Tax Court determines a deficiency in tax, one result of that decision will typically be that the taxpayer will owe both the tax deficiency determined <u>and</u> interest thereon. However, in its deficiency proceedings this

Court is "a court of limited jurisdiction and is not empowered to decide general questions relating to interest." Anthony v. United States, 987 F.2d 670, 672 (10th Cir. 1993). In a deficiency case brought under section 6213(a), the Tax Court has jurisdiction over tax, additions to tax, and penalties, but it does not have jurisdiction over interest issues. Rather, section 6214 confers on this Court jurisdiction to redetermine a "deficiency"; and section 6211 defines a "deficiency" as an amount of "tax". While section 6601(e)(1) does generally provide that references to "tax * * * shall be deemed also to refer to interest imposed by this section on such tax", the section notes an explicit exception: "except subchapter B of chapter 63 [i.e., sections 6211-6216], relating to deficiency procedures". See White v. Commissioner, 95 T.C. 209, 213 (1990). Thus, interest on a tax deficiency is not properly before the Tax Court in a deficiency case.

In the ordinary course, after a Tax Court decision redetermines a tax deficiency, interest is later assessed on that deficiency.[5] If the IRS assesses more interest than the taxpayer believes is actually due, then the Tax Court may acquire jurisdiction to resolve the matter if the taxpayer files a timely motion under (and satisfies the prerequisites of) section 7481(c). See Rule 261.[6]

---

[5]See Commissioner v. McCoy, 484 U.S. 3, 7 (1987).

[6]The other instances in which the Tax Court may adjudicate interest issues are few: Where the IRS has failed to abate
(continued...)

However, in this deficiency case, the Tax Court has never had jurisdiction over any interest that Mr. Smith and Ms. Hook may owe on their income tax liabilities for 2001 through 2005. Their petition did not request any relief as to interest; and if it had made such a request, then to that extent it would have been subject to being stricken for lack of jurisdiction. If this case proceeds to trial, no evidence or argument can be offered as to interest issues; and if such evidence were offered, it would be ruled irrelevant. If this case proceeds to decision without a settlement, then the Court's decision will include no adjudication as to interest for any party.

We acknowledge that the exclusion of interest from deficiency jurisdiction may not be intuitive to taxpayers, many of whom must be unacquainted with the details of deficiency jurisdiction, and some of whom might wrongly assume that a deficiency suit in the Tax Court might resolve issues of statutory interest. That fact should condition both the IRS's

---

⁶(...continued)
interest, section 6404(h) gives the Tax Court jurisdiction to determine whether that failure was an abuse of discretion; and in a so-called "collection due process" suit under section 6330(d), the Tax Court reviewing proposed collection activity by the IRS may have jurisdiction to decide whether interest that the IRS proposes to collect has been correctly computed. See Urbano v. Commissioner, 122 T.C. 384 (2004). Neither of those circumstances is pertinent in this deficiency case.

negotiation of settlements[7] and the Tax Court's entry of decisions based on settlements.

II. <u>If the parties to a deficiency case in the Tax Court settle issues that are not within the Court's jurisdiction, their settlement does not expand the Court's jurisdiction</u>.

Tax litigants, like other litigants, may settle their cases by agreement. "In a tax case, it 'is not necessary that the parties execute a closing agreement under section 7121 in order to settle a case pending before this Court, but, rather, a settlement agreement may be reached through offer and acceptance made by letter, or even in the absence of a writing.'" <u>Dorchester Indus., Inc. v. Commissioner</u>, 108 T.C. 320, 330 (1997) (quoting <u>Lamborn v. Commissioner</u>, T.C. Memo. 1994-515, affd. without published opinion 208 F.3d 205 (3d Cir. 2000)).

A settlement of a lawsuit must, by definition, resolve the subject matter of the lawsuit; and in many instances it will resolve only that subject matter. Certainly, there should be no presumption that when parties settle a lawsuit they somehow

---

[7]We approve of the IRS's practice (attempted here, see <u>supra</u> p. 6-7 & n.4) of proposing settlement stipulations that explicitly recite the truism that the agreed-upon deficiency will bear statutory interest. See IRM pt. 35.8.1.6(6) (Aug. 11, 2004) ("Care should be taken to include prescribed stipulations acknowledging that interest will be assessed on the deficiency as required by law in all settlement decision documents"); see also IRM pt. 35.8.2.5(1) (Aug. 11, 2004) ("In every case in which a deficiency or an additional liability is stipulated, it must be made clear to petitioners, and documented, that the Service will not settle the case without petitioners acknowledging that interest will be computed and assessed as provided by a law"). This salutary practice should be continued, since it will generally prevent misunderstandings or will at least, as here, flush them out early.

settle other outstanding matters between them.  In the absence of a general release or other express term, a party settling a lawsuit should not be deemed to have settled matters outside the lawsuit.[8]  In a tax deficiency suit, deficiency interest is not at issue, and a settlement of the suit that makes no mention of interest should not be construed to somehow settle the issue of interest sub silentio.  Cf. Spendthrift Farm, Inc. v. United States, 931 F.2d 405, 407 (6th Cir. 1991) (in a bankruptcy suit, a closing agreement resolving amounts of income "did not preclude the IRS from assessing restricted interest against Spendthrift because restricted interest was not a matter expressly agreed upon in the agreement").[9]

---

[8]See 15A C.J.S., Compromise & Settlement sec. 40 (2002) ("A valid compromise agreement is conclusive on the matters agreed on, but only as to those matters which the parties fairly intended to include within its terms and their necessary consequences") (citing, inter alia, Metro. Paving Co. v. Intl. Union of Operating Engrs., 439 F.2d 300, 305 (10th Cir. 1971), cert. denied, 404 U.S. 829 (1971)); see also Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist., 226 F.3d 1170, 1178-1179 (10th Cir. 2000); Riley Mfg. Co. v. Anchor Glass Container Corp., 157 F.3d 775, 782-784 (10th Cir. 1998); cf. Manko v. Commissioner, 126 T.C. 195, 202 (2006) (a Form 906 "closing agreement [which does not address additions to tax] does not bar the Commissioner from subsequently determining that a taxpayer is liable for additions to tax"); Zaentz v. Commissioner, 90 T.C. 753, 761 (1988) ("section 7121 does not bind the parties [to a Form 906 closing agreement] as to the premises underlying their agreement; they are bound only as to the matters agreed upon").

[9]But see Hurt v. United States, 70 F.3d 1261 (table), 76 AFTR2d 95-7815(4th Cir. 1995) (unpublished opinion), nonacq. 1991-1 C.B. 1 (1997).  This case is distinguishable from Hurt in that here respondent's proposed decision document explicitly stated that interest would be due, and the parties' disagreement became apparent before they signed the final decision document.

However, it is possible for the Commissioner and a deficiency suit petitioner to enter into a settlement that resolves both issues that are in the Tax Court's deficiency jurisdiction (such as the suit-year deficiencies) and issues that are not.  For example, it is not unusual for the Commissioner and a Tax Court litigant to enter into a settlement that resolves non-suit-year deficiencies that arise from the same or similar issues that give rise to the suit-year deficiencies.  It is even theoretically possible, though it would be unusual, for the IRS to enter into a settlement in which it waives interest[10] (which, again, is outside the Court's deficiency jurisdiction).  However, that possibility does not expand the proper scope of a decision to be entered by the Court.

Just as a Tax Court decision entered after the trial of a deficiency case will not address interest, so a decision in such a case entered pursuant to settlement will not address interest.[11]  The parties to a Tax Court suit cannot, by their settlement agreement, confer on the Court jurisdiction that it otherwise lacks.  Dorn v. Commissioner, 119 T.C. 356, 357 (2002).  Even if the parties in a deficiency case unanimously requested it, the Court would not purport to enter a decision awarding or

_____

[10]See Anthony v. United States, 987 F.2d 670, 674 (10th Cir. 1993).  But see IRM pt. 35.8.2.5(1) ("The Service does not settle Tax Court cases by waiving statutory interest assessments").

[11]See Anthony v. United States, supra at 672-673 ("the Tax Court's decision in this case was merely a pro forma acceptance of the parties' stipulated agreement.  * * * The Tax Court did not make an independent determination of interest due").

denying deficiency interest to the Commissioner.  Thus, if the Commissioner and the taxpayer in a deficiency case were to enter into a settlement that explicitly involved a waiver of interest (i.e., a matter outside the Court's deficiency jurisdiction), then no decision entered by the Court in the deficiency case would reflect that interest-waiver term.  Rather, the Court would enter decision on the matters that <u>are</u> within its jurisdiction, and the parties' agreement as to interest would be reflected and effectuated elsewhere.

If the IRS thereafter violated that agreement by, for example, assessing more interest than had been agreed to, the taxpayer could eventually seek to enforce the terms of the agreement.[12]  But in its deficiency case, the Tax Court could not anticipate and resolve such a dispute that is outside its jurisdiction.

Thus, even if Mr. Smith were correct that the parties here had agreed to a zero-interest term as part of a settlement of this case, the Court could not enter a decision as to interest. For that reason at least, his cross-motion must be denied.

---

[12]We do not here decide whether such a dispute could be brought under section 7481(c) by motion before the Tax Court, cf. <u>Stauffacher v. Commissioner</u>, 97 T.C. 453, 456 (1991) ("Our jurisdiction under section 7481(c) is 'solely to determine' whether the taxpayer has made an overpayment of interest 'imposed by this title,' i.e., tit. 26, U.S. Code"); <u>Thomas v. Commissioner</u>, T.C. Memo. 1994-291, 67 T.C.M. (CCH) 3130 (1994), or whether instead such a dispute must be brought in the Court of Federal Claims under 28 U.S.C. section 1491(a)(1) or in Federal District Court under 28 U.S.C. section 1346(a)(1) or (2), either as a suit to enforce a contract or as a refund suit.

III. <u>The parties have not settled this case, because they failed to reach agreement as to a material term</u>.

For a further reason, both motions for entry of decision must be denied:  The parties failed to effect a valid settlement agreement.  A settlement is a contract, and, consequently, general principles of contract law determine whether the parties reached a settlement.  <u>Dorchester Indus., Inc. v. Commissioner</u>, <u>supra</u> at 330.  A prerequisite to the formation of an agreement is mutual assent--a "meeting of the minds"--to all its essential terms; and the determination whether there was a meeting of minds sufficient to constitute a contract is one of fact.[13]

We find that the parties here did not reach a settlement because there was no meeting of the minds as to a material term that one of the parties had reason to think was under consideration--interest.  A material term is one "that is significant or essential to the issue or matter at hand", <u>Dutton v. Commissioner</u>, 122 T.C. 133, 139 (2004) (quoting Black's Law Dictionary 611 (7th ed. 1999)), and interest is indeed significant here.  As of July 2007, statutory interest as computed by respondent equaled almost a fourth of the tax, additions to tax, and penalties that respondent had determined.

_____

[13]See <u>Estate of Halder v. Commissioner</u>, T.C. Memo. 2003-84, 85 TCM (CCH) 1051, 1052 (2003) (denying a motion for entry of decision, where failure to agree on the value of an asset in the estate prevented a "meeting of the minds" so as to settle an estate tax case) (citing <u>U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.</u>, 241 F.3d 135, 146 (2d Cir. 2001), <u>Am. Merch. Marine Ins. Co. v. Letton</u>, 9 F.2d 799, 801 (2d Cir. 1926), cert. denied, 271 U.S. 688 (1926), <u>Kronish v. Commissioner</u>, 90 T.C. 684, 693 (1988), and <u>Manko v. Commissioner</u>, T.C. Memo. 1995-10).

By September 2008, after the accrual of interest over an additional 14 months, the potential interest liability was an even greater proportion of the overall liability--and yet line 19(c) of the Form 4549-A stated, for whatever reason, an amount of zero.  Each party had a different understanding about this significant matter.

It would not now be within our jurisdiction to resolve, in this deficiency suit, disputes between these parties about the amount of not-yet-assessed interest due under a contract between them that settled this case.[14]  However, it is within our jurisdiction to determine whether this case has actually been settled, Estate of Halder v. Commissioner, T.C. Memo. 2003-84, 85 T.C.M. (CCH) at 1053, and determining the existence (or not) of a settlement agreement is critical to our ability to enter a decision.  We have not tried this case on its merits so as to be able to enter a decision on the basis of our own findings; rather, we are asked to enter decision solely on the basis of an alleged agreement of the parties--but the parties cannot agree on the decision to be entered.  On the facts of this case we cannot enter decision on the basis proposed by either party.[15]

---

[14]Compare section 7481(c) (discussed supra pp. 10, 15 n.12), involving post-assessment disputes of interest computations, raised by motion within a year after the date of decision in a deficiency case.

[15]Even though respondent and Ms. Hook agree on the terms to be entered, we cannot enter decision as against Ms. Hook alone, since the liability is a joint liability and neither Ms. Hook nor respondent has assented to the entry of decision against her
(continued...)

Mr. Smith is not a tax litigator.  He expressly disclaimed any ability to perform the computations required by Form 4549-A. The Court called on him explicitly to affirm that "the numbers that are reflected on this Form 4549A are numbers that you are prepared to commit to," and he made that affirmation.  He probably believed he was thereby agreeing to all the numbers stated there--including interest in the amount of "0.00" on line 19(c).  Mr. Smith is not simply an uninformed taxpayer who made the unilateral mistake of assuming that interest is at issue in a deficiency suit; rather, he relied on a document prepared by the IRS that, so far as he could tell, expressly stated an interest amount of zero.

However, respondent's counsel and Ms. Hook's counsel--both experienced Tax Court litigators--had a different understanding (i.e., that the settlement they had negotiated would bear interest), and for good reason:  They understood the Tax Court's limited jurisdiction, understood the generality that deficiencies upheld by the Court bear deficiency interest, and were familiar with the IRS's practice, see IRM pt. 35.8.2.5(1), supra note 4, under which it does not waive interest in settlements of deficiency suits.  Respondent's counsel initially lodged the Form 4549-A only as a presentation of the parties' "basis of

---

15(...continued)
alone.  The denial of respondent's motion will be without prejudice to any later joint motion by respondent and Ms. Hook to sever the cases of the two petitioners under Rule 61(b) and to enter decision against Ms. Hook only.

settlement" and not as a settlement agreement or stipulation. A close reading of the transcript of the hearing held September 9, 2008, shows that respondent's counsel never said anything inconsistent with the notion that what was being agreed to was "adjustments to income" as a "basis of settlement", yielding deficiencies in tax, additions to tax, and penalties. From her point of view, the Forms 4549-A were simply a means for describing the basis of their settlement; the line for interest on that form was extraneous; and the ostensible interest amounts of "0.00" appearing thereon were place-holders, evidently the equivalent of "To Be Determined".

The issue here is not whether one of the parties should be permitted to repudiate, modify, or set aside a settlement agreement, cf. Clark v. Commissioner, T.C. Memo. 2008-279, but instead whether in fact a settlement was ever actually achieved in this case. On the facts set out above, the parties here did not settle this case. Because of their different perspectives, they had different understandings of whether interest was a subject of their settlement negotiations. Because their apparent agreement was reached on the courthouse steps, they did not have the opportunity beforehand that other deficiency litigants will have to confront explicitly the issue of statutory interest when the settlement decision document is prepared, and to resolve any misunderstanding. Their failure to agree became apparent when they were unable to execute a stipulation. In the absence of a settlement, the case must now proceed.

In view of the foregoing,

<u>An appropriate order
will be issued</u>.